■ HEATHER O'CONNOR, an Infant, by Her Father and Natural Guardian, JOHN O'CONNOR, et al., Appellants, v CARMELA J. PECORARO et al., Defendants, and FRANK HAYES III, Respondent.—Order, Supreme Court, New York County (Martin Stecher, J.), entered November 20, 1987, which granted defendant Frank Hayes III summary judgment dismissing the complaint against him, unanimously reversed, on the law, Hayes' motion for summary judgment denied, and the complaint reinstated against Hayes, without costs.

In the early afternoon of July 6, 1983, the infant plaintiff, Heather O'Connor, who was then four years old, was standing together with her then eight-year-old brother, John, on a sidewalk in front of Playgirl Boutique's store in the Hylan Shopping Plaza on Staten Island. At that time, defendant Frank Hayes III's Lincoln Continental automobile was parked at the curb in front of the Boutique, a location where parking was not permitted and where "NO PARKING" signs were painted in large print on the pavement. A vehicle, owned and operated by defendant Carmela Pecoraro, was proceeding in the driving lane of the shopping mall's parking lot when it suddenly accelerated and struck the Hayes car, pushing it up onto the sidewalk striking Heather O'Connor and pinning her right leg against a pole embedded in the sidewalk. As a result, Heather suffered severe personal injuries including the amputation of her right leg.

Plaintiff's claim of negligence against defendant Hayes is predicated upon allegations that the parking of his car in the "No Parking" area created a dangerous condition in obstructing the vision of both motorists and pedestrians, and also in significantly narrowing the space within which drivers of cars in the mall's parking area could maneuver their cars.

The affidavit of the infant plaintiff's brother, submitted in opposition to the motion for summary judgment, states that he and his sister were waiting on the sidewalk outside the store while their mother was shopping inside and that the car parked in front of the store was so high that he could not see the Pecoraro car coming when it struck the parked car and pushed it up onto the sidewalk striking his sister. He stated that if the parked car had not been there he would have seen the car approaching and would have been able to push his sister safely out of the way. The affidavit of the infant plaintiff's mother states that before she entered the store she had noticed defendant Hayes' car parked in the area outside the store marked in large letters "NO PARKING" and that this parked car blocked the view of people on the sidewalk from seeing the roadway on the other side of the parked car.

Defendant Hayes, in his deposition testimony, acknowledged that he knew that no parking was permitted in the space when he left his car there for over three hours and that he parked there despite the fact that the parking lot was only moderately crowded and contained many empty spaces. Hayes' Lincoln Continental was over 5 feet in height and 13 to 14 feet in length. The space available for automobiles moving between the legal parking area and the curb was

small and Hayes' illegally parked car reduced that space materially.

Under these circumstances, the motion court improperly granted summary judgment dismissing the complaint against defendant Hayes and erred in holding as a matter of law that it was not foreseeable that Pecoraro's car was going to strike Hayes' car with such tragic results, and that Hayes' parking in a no-parking zone was not a proximate cause of the accident.

Defendant Hayes had a duty to exercise reasonable care in the manner in which his car was parked. Whether he breached that duty by parking in a restricted narrow area in a way that obstructed vision and maneuverability, and what dangers were reasonably foreseeable from the manner in which his car was parked and whether his conduct in so parking was a proximate cause of this accident are all issues which should be determined by the trier of the facts.

It has been held in a variety of factual circumstances that owners of improperly parked cars may be held liable to plaintiffs injured by negligent drivers of other vehicles, depending on the determinations by the trier of fact of the issues of foreseeability and proximate cause unique to the particular case. (E.g., *Ferrer v Harris,* 55 NY2d 285; *Sommersall v New York Tel. Co.,* 52 NY2d 157; *Dowling v Consolidated Carriers Corp.,* 103 AD2d 675, *affd* 65 NY2d 799; *Naeris v New York Tel. Co.,* 6 AD2d 196, *affd* 5 NY2d 1009.) As these cases instruct, the connection between the parking violation and the happening of the accident is logical and immediate enough to present a factual question on the issue of proximate cause which should be determined by a jury. Particularly relevant is the decision in *Ferrer v Harris (supra),* where the four-year-old plaintiff was crossing the street from between two parked cars headed for defendant's "Mr. Softie" ice cream van, which was double-parked on the other side of the street, when she was struck by the codefendant's moving automobile. In sustaining the verdict against the owner of the ice cream van, the Court of Appeals held that the jury could properly find that the unlawful double-parking of the van was a proximate cause of the accident since but for the van's double-parking the car which struck the plaintiff might have had an earlier and more unobstructed view of the child, and also might have had more room to maneuver to avoid the accident. Since similar factual conclusions are possible in the instant case, a contrary summary disposition was inappropriate.

The further contention by defendant Hayes that the actions

of the Pecoraro car directly caused the plaintiff's injury and constituted an intervening superseding cause relieving him of any liability was also improperly determined as a matter of law. "Where the acts of a third person intervene between the defendant's conduct and the plaintiff's injury, the causal connection is not automatically severed. In such a case, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence * * * Because questions concerning what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve." *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315.) Concur—Sullivan, J. P., Ross, Milonas, Ellerin and Smith, JJ.