■ PABLO QUIQUIN et al., Appellants, v MICHAEL A. FITZGERALD et al., Defendants, and HUDSON TRANSIT CORPORATION et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court (Klein, J.), in favor of defendants Hudson Transit Corporation and Short Lines Systems, Inc., entered August 26, 1987 in Sullivan County, upon a dismissal of the complaint and cross claims against said defendants at the close of plaintiffs' case.

Plaintiff Pablo Quiquin (hereinafter plaintiff) was seriously injured on August 24, 1984 at about 7:00 A.M. when the taxi in

which he was a passenger was struck by a 1977 Chevrolet automobile operated by defendant Harry Grimm near the "T" intersection of State Route 52 and County Road 51 in the Town of Fallsburg, Sullivan County. Route 52 is an east-west highway, comprised of two travel lanes each about 11 feet in width with three-foot paved shoulders. County Road 51 is a north-south roadway, ending northbound where it meets Route 52. The taxi was taking plaintiff to the employees' entrance of Brown's Hotel, located on the north side of Route 52 some 15 to 20 feet east of the intersection. Traffic from County Road 51 to Route 52 is controlled by a stop sign located slightly beyond a building, known as Club 52, which is set back some 70 feet from Route 52 on the east side of County Road 51. There is a State right-of-way, 40 feet in depth, adjacent to the highway within the frontage of Club 52's parking area on Route 52 and a bus stop at that location for buses traveling in an easterly direction on that highway. The speed limits on Route 52 and County Road 51 are 55 miles per hour.

Plaintiff testified that the taxi proceeded north on County Road 51, stopped slightly beyond the stop sign as it approached the intersection, and that he observed the taxi driver looking in both directions on Route 52. There was a bus owned and operated by defendants Hudson Transit Corporation and Short Lines Systems, Inc. (hereinafter collectively referred to as defendants) stopped some 30 to 40 feet to plaintiff's right on the south side of Route 52. The bus obscured the view of Route 52 to the east. The taxi edged out, bearing to the right, onto Route 52, stopping three times over a period of about three minutes before proceeding beyond the bus at an oblique angle to the left across both lanes toward the Brown's Hotel entrance. The taxi was then struck on the center right-hand side by the Grimm vehicle traveling west on Route 52. Grimm testified that he did not see the taxi until it "shot out" in front of him a matter of seconds before the collision. Grimm had been proceeding at a speed of about 45 miles per hour. Two witnesses testified that the bus was stopped partly on Route 52 and partly on the adjoining parking pavement or shoulder, one describing that it was half on the highway, the other that it was 1½ to 2 feet on the highway. Plaintiff's accident reconstruction expert testified that, had the bus pulled completely off the highway onto the State right-of-way at the Club 52 parking area (which was available for that purpose), the taxi driver and Grimm could have observed each other's vehicle from a distance of 600 feet,

which would have afforded each driver ample time to have avoided the accident. Given the size and location of the bus, protruding some two feet onto the highway, the expert opined that the sight distance between the two vehicles was reduced to some 130 to 150 feet, which was insufficient for either driver to stop or take action to avert the collision.

Supreme Court dismissed the action against defendants at the end of plaintiffs' case. It ruled that, irrespective of whether the bus obstructed the ability of either driver to see the other vehicle, the sole proximate cause of the accident was the intervening negligent conduct of the driver of the taxi in proceeding onto Route 52, in violation of Vehicle and Traffic Law § 1172 (a), without first stopping at the point nearest the intersecting road where the driver had a view of approaching traffic. This appeal by plaintiffs followed.

There should be a reversal. Considering the evidence, as we must, in the light most favorable to plaintiffs, there is a basis upon which the jury could find both that the driver of the bus was negligent in stopping partially on the traveled portion of Route 52 in close proximity to the intersection and that such was a proximate cause of the accident. As to negligence, there was evidence that the bus could have been pulled completely off of the roadway onto the paved area of the State right-of-way and Club 52 parking lot. Vehicle and Traffic Law § 1201 (a) provides that "[u]pon [a] highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle * * * upon the * * * main-traveled part of the highway when it is practicable to stop * * * such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles".

Defendants argue that this section was not violated because the bus was only temporarily standing to discharge passengers (see, Vehicle and Traffic Law § 145) and because there was no evidence that the bus obstructed traffic on Route 52. Read literally, the statute prohibits stopping on the traveled portion of a highway either when there is an off-highway area available for stopping or, in any event, when stopping upon the highway would obstruct traffic, and this is consistent with the statutory intendment, according to the 1959 and 1960 Reviser's note to Vehicle and Traffic Law § 1201, quoted in De Joseph v Gutekunst (13 AD2d 223, 226). This section does not exempt standing temporarily to discharge passengers (supra). There was, thus, a basis in the evidence upon which the bus driver could have been found negligent in violating Vehicle

and Traffic Law § 1201 (a). Even apart from any statutory violation, the driver of the bus, chargeable with awareness of the heavy, work-bound traffic on Route 52 when the accident occurred, could be found guilty of ordinary negligence in partly obstructing the highway on one version of the facts *(see, Commisso v Meeker,* 8 NY2d 109, 117).

On the issue of proximate cause, it cannot be said, as a matter of law, that the improper stopping of the bus did not in fact contribute to the happening of this accident, or that accidents on a busy highway and intersection resulting from the obstruction of the view of drivers by improperly stopped vehicles are not "within the zone of danger apprehended" by the statutory prohibition against stopping on the traveled portion of a highway *(Naeris v New York Tel. Co.,* 6 AD2d 196, 198, *affd* 5 NY2d 1009). The negligence, if any, of the driver of the taxi with proceeding without an unobstructed view of traffic on Route 52 could readily have been found by the jury as not such an extraordinary, unforeseeable intervening act as to break the causal chain *(see, Monell v City of New York,* 84 AD2d 717, 718; *Naeris v New York Tel. Co., supra,* at 199; *see also, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315).

Judgment reversed, on the law, with costs, complaint reinstated as to defendants Hudson Transit Corporation and Short Lines Systems, Inc. and matter remitted to the Supreme Court for a new trial. Weiss, Yesawich, Jr., and Levine, JJ., concur.

Mahoney, P. J., and Mikoll, J., dissent and vote to affirm in a memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). We respectfully dissent. It is difficult for us to adopt the majority's position that there is a basis upon which a jury could have found defendants Hudson Transit Corporation and Short Lines Systems, Inc. (hereinafter collectively referred to as defendants) negligent, although we recognize that there are conflicts in the testimony concerning the extent to which the bus was on the traveled portion of the road. But even agreeing with the majority's assessment of defendants' negligence, we nonetheless would affirm.

It is apparent from plaintiff's proof that the taxi driver attempted to enter the driveway to Brown's Hotel by crossing Route 52 on a diagonal from the northern terminus of County Road 51, where he had waited for some 2 to 3 minutes because of the stopped bus. It is clear that the taxi driver did not make a right turn from County Road 51 into the eastbound lane of Route 52, proceed in that lane past the stopped bus and then make a left turn into the Brown's Hotel driveway, even though plaintiff's expert testified that the distance from

the taxi to the driveway along Route 52 was 52 feet and his graphic representation of the accident site shows the distance to be between 55 and 71 feet. He further testified that the taxi driver would have had a clear view of the westbound traffic had he proceeded by turning right onto Route 52 and then left into the hotel entrance. Indeed, this expert testified that the taxi driver would have had a clear view of the westbound traffic if he had gone even five feet into the eastbound lane of Route 52. The expert's graphic supports his testimony.

It is well settled that where "the intervening act is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct, it may well be a superseding act which breaks the causal nexus" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *see, Howard v Poseidon Pools,* 72 NY2d 972; *Boltax v Joy Day Camp,* 67 NY2d 617). It is our view that the manner in which the taxi was driven across Route 52 was a superseding act which insulates defendants from liability. It is simply extraordinary conduct for a driver, especially one professionally employed, to attempt to cross some 52 to 71 feet of State highway on the diagonal as occurred here. The only reasonable, expected methods of crossing Route 52 were for the taxi to have turned right onto Route 52 and then left into the hotel entrance *(see,* Vehicle and Traffic Law § 1160) or for the taxi to have proceeded slightly into the eastbound travel lane of Route 52, of which the taxi driver had a clear view, so as to have provided a clear view of the westbound lane. In the absence of such conduct, any negligence by defendants was superseded by the extraordinary, unforeseeable manner in which the taxi crossed Route 52 *(see,* Prosser and Keeton, Torts § 44, at 312 [5th ed]). We would, therefore, affirm Supreme Court's dismissal of the complaint and cross claims against defendants.