■ Robert Scott, Respondent, v Frank A. Keener et al., Respondents, and Richard L. Gessner et al., Appellants.— Mahoney, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Peter Patsalos, J.), entered July 10, 1991 in Orange County, which denied a motion by defendants Richard L. Gessner and Ryder Truck Rental, Inc. for summary judgment dismissing the complaint and all cross claims against them.

During the early morning hours of April 20, 1989, defendant Frank A. Keener was driving a flatbed tractor-trailer fully loaded with lumber eastbound on Interstate Route 84, a major highway running east to west and consisting of two, two-lane roadways in either direction separated by a grassy median. While passing another vehicle in the vicinity of exit 12 in the Town of Fishkill, Dutchess County, the Keener truck left the highway and flipped over, discharging its cargo of lumber wholly across the left-hand lane and extending approximately 3/4 of the way into the right-hand lane. The lumber was estimated to be six feet wide and five feet high in the left-hand lane, tapering down in height as it extended into the right-hand lane. Stray pieces were strewn onto the right side of the right-hand lane and the right shoulder; however, the roadway was passable in this area although it was necessary to drive over or around the stray pieces.

Shortly after the occurrence, plaintiff came upon the scene. Upon successfully negotiating the obstructive lumber, he pulled his tractor-trailer off to the right-hand shoulder approximately 165 feet beyond the scene and got out to investigate and to render any necessary assistance. During this time, a second tractor-trailer driven by defendant Richard L. Gessner and rented by his employer from defendant Ryder Truck Rental, Inc. approached the scene. Apparently having been alerted to the fact of the accident via a CB radio broadcast, he slowed his vehicle, pulled it off to the right and likewise began to maneuver around the lumber. At this point the ensuing sequence of events is less clear. According to plaintiff, he noticed the Gessner vehicle stopped directly across from the Keener truck, approached it and asked Gessner to put out a call on his CB radio warning others of the obstruction. According to Gessner, he was slowly proceeding through the obstruction and stopped his vehicle when hailed by plaintiff. In any event, before Gessner had a chance to comply with the broadcast request, a third tractor-trailer, operated by defendant David A. Mascharka, hit the lumber obstruction head on. Plaintiff, who was struck by the Mascharka vehicle, flying lumber or both, sustained serious injuries.

Seeking to recover for his injuries, plaintiff commenced this action against, among others, all the drivers alleging that they were negligent in the operation of their vehicles. As against Gessner (and Ryder), the negligence alleged consisted of Gessner stopping his vehicle in the midst of the obstruction and in the only passable portion of the pavement, thus endangering

the safety of others. Following joinder of issue and the completion of depositions, Gessner and Ryder (hereinafter collectively referred to as defendants) moved for summary judgment arguing that Gessner's conduct was not negligent and, in any event, his actions were not, as a matter of law, the proximate cause of the accident. Supreme Court denied the motion with leave to renew upon new evidence or at trial. Defendants appeal.

We affirm. Even assuming, arguendo, that defendants satisfied their initial burden of proof on a summary judgment motion regarding Gessner's lack of negligence, the disputed location of the Gessner vehicle,[1] the uncontroverted fact that it was stopped in the middle of the obstruction and in the only passable lane, combined with the nature of the highway (a high speed superhighway), the poor visibility of the obstruction due to the darkness and the absence of warnings, raise serious questions of fact regarding whether Gessner's actions were a violation of Vehicle and Traffic Law § 1201 or were otherwise negligent. Nor can it be said, at this juncture, that Gessner's conduct was not a proximate cause of plaintiff's injuries as a matter of law. There is evidence in the record that as a result of seeing tail lights on the right shoulder Mascharka moved his truck from the right-hand lane in which he was traveling into the center of the roadway and thus, albeit unwittingly, into the zone of danger. To the extent that Gessner's actions in stopping his truck in the only travel lane can be said to have caused the Mascharka vehicle to change course and to detour to a place of danger, it can be considered a contributing cause; that is, but for the presence of the Gessner truck on the shoulder, Mascharka may have stayed in the right-hand lane and may have had more room to maneuver to avoid the accident (cf., Sheehan v City of New York, 40 NY2d 496). While defendants rely upon the asserted fact that Gessner was stopped only for 5 to 10 seconds before the collision, claiming that his truck would have been ostensibly in the same location had it not stopped but continued to proceed slowly past the obstruction and thus claim the stopping could not have been a causative factor, the only evidence of the length of time the Gessner vehicle was stopped came

1. At deposition, plaintiff claimed that the Gessner vehicle was wholly in the right-hand lane, Mascharka believed it to be predominately on the shoulder extending approximately one foot into the right-hand lane, and Gessner indicated it was wholly on the shoulder.

from Gessner himself[2] and was a matter within his exclusive knowledge. Accordingly, summary judgment is inappropriate on that basis alone *(see, e.g., Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 262; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:19, at 326). Moreover, a review of the record demonstrates the presence of factual issues as to whether Gessner's stopping of his truck enticed plaintiff into the peril.

Weiss, P. J., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

2. While plaintiff testified that only seconds elapsed from the time he asked Gessner to make the call and the time of the collision, he provided no testimony regarding the overall length of time Gessner's vehicle had been stopped; however, he did indicate that it was stopped when he first noticed it.