■ LOUIS REUTER et al., Respondents, v INGRID S. RODGERS et al., Defendants, and MICHAEL ROUGHSEDGE, Appellant. [648 NYS2d 989] —In an action to recover damages for personal injuries, etc., the defendant Michael Roughsedge appeals from an order of the Supreme Court, Putnam County (Hickman, J.),

entered October 16, 1995, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, without costs or disbursements.

It is well settled that owners of improperly parked cars may be held liable to plaintiffs injured by negligent drivers of other vehicles, depending on the determinations by the trier of fact of the issues of forseeability and proximate cause unique to the particular case *(see, e.g., Ferrer v Harris,* 55 NY2d 285, *amended* 56 NY2d 737; *Somersall v New York Tel. Co.,* 52 NY2d 157; *Grandone v Cosentino,* 22 NY2d 747; *Scott v Keener,* 186 AD2d 955; *Woznick v Santora,* 184 AD2d 692; *O'Connor v Pecoraro,* 141 AD2d 443; *Dowling v Consolidated Carriers Corp.,* 103 AD2d 675, *affd* 65 NY2d 799). Contrary to the appellant's contention, triable issues of fact exist as to whether he breached his duty to exercise reasonable care by parking his vehicle in a restricted area so as to obstruct the vision of both pedestrians and drivers, and whether his conduct in so parking was a proximate cause of the vehicle operated by the defendant Ingrid S. Rodgers striking the plaintiff Louis Reuter. Rosenblatt, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.