■ ERICH C. BOEHM et al., Appellants, v VENDA G. TELFER, Defendant, and STEVE GAVIN et al., Respondents. [672 NYS2d 959] —Cardona, P. J. Appeal from an order of the Supreme Court (Ingraham, J.), entered April 30, 1997 in Otsego County, which, *inter alia*, granted a motion by defendants Steve Gavin and Stroehmann's Bakeries, Inc. for summary judgment dismissing the amended complaint and all cross claims against them.

This action arises out of an automobile accident that occurred on October 19, 1993 near the intersection of Railroad Avenue and Leatherstocking Street in the Village of Cooperstown, Otsego County. On that date, plaintiffs were driving southbound on Railroad Avenue, a two-lane roadway, when they were struck by a vehicle driven by defendant Venda G. Telfer. Telfer, traveling westbound on Leatherstocking Street, made a right-hand turn onto Railroad Avenue. Her visibility

was apparently obscured by a bread truck which was parked on the right side of Railroad Avenue in front of a grocery store. In making the turn, Telfer veered her vehicle around the bread truck and collided with plaintiffs' vehicle.

Thereafter, plaintiffs commenced this action against Telfer as well as defendant Steve Gavin, the operator of the bread truck, and defendant Stroehmann's Bakeries, Inc., Gavin's alleged employer and the reputed owner of the truck. Following joinder of issue, Gavin and Stroehmann's (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the amended complaint and all cross claims against them. Plaintiffs opposed the motion and cross-moved for leave to serve a second amended complaint. Supreme Court, *inter alia*, granted defendants' motion and this appeal by plaintiffs ensued.

Under the particular circumstances presented here, we find that the dismissal of the amended complaint and cross claims was inappropriate. "It is well settled that owners of improperly parked [vehicles] may be held liable to plaintiffs injured by negligent drivers of other vehicles, depending on the determinations by the trier of fact of the issues of foreseeability and proximate cause unique to the particular case" (*Reuter v Rodgers*, 232 AD2d 619, 620; *see*, *Wooster v Soriano*, 167 AD2d 233; *O'Connor v Pecoraro*, 141 AD2d 443, 445). This rule is not limited to statutory violations but also applies to circumstances evidencing ordinary negligence (*see*, *Commisso v Meeker*, 8 NY2d 109; *Scott v Keener*, 186 AD2d 955, 957; *Quiquin v Fitzgerald*, 146 AD2d 894, 897; *cf.*, *Campbell v Waltz*, 212 AD2d 995, 996). Even assuming insufficient proof in this record of the various statutory violations alleged by plaintiffs, we nevertheless conclude that the record raises questions of fact concerning whether Gavin was negligent in the manner in which he parked the bread truck.

Telfer testified that, after coming to a complete stop at the stop sign on Leatherstocking Street, she proceeded to make a right-hand turn onto Railroad Avenue; however, her view of the southbound lane of Railroad Avenue was obstructed by the truck which was parked in front of the grocery store. She stated that the location of the vehicle caused her to make a wide right turn resulting in a collision with plaintiffs' vehicle. According to Telfer, the rear of the bread truck was located approximately 17 feet from the intersection. She stated that Railroad Avenue was approximately 32 feet wide and the truck was sticking out into the street.

At the time of the accident, Gavin was inside the grocery

store making a delivery. He described the delivery truck as approximately 16 feet long, 8 feet wide and 8 to 9 feet high. He testified that he parked the vehicle in front of the grocery store on Railroad Avenue approximately 12 to 15 feet from the corner and did not use either of two driveways located nearby. He stated that, at the time of the accident, the truck was occupying 8 to 10 feet of the road and was approximately 5 to 6 inches from the curb. The owner of the grocery store testified that the truck was parked near the curb, but unlike the other witnesses stated that it was facing Leatherstocking Street.

In our view, the foregoing testimony raises questions of fact as to whether Gavin was negligent in the manner in which he parked the bread truck given its size, proximity to the corner, distance from the curb, the angle at which it was parked and the width of the road. Therefore, we find that defendants' motion should have been denied (see, Scott v Keener, 186 AD2d 955, supra; Quiquin v Fitzgerald, 146 AD2d 894, supra).

Moreover, while Supreme Court did not consider Stroehmann's liability independent of Gavin's, we find that the record contains questions of fact concerning Gavin's status as Stroehmann's employee, as well as Stroehmann's ownership of the truck, which preclude the grant of summary judgment in favor of Stroehmann's individually. Lastly, we conclude that plaintiffs' cross motion to serve a second amended complaint to correct certain typographic errors in their derivative causes of action should be granted in view of the lack of prejudice to defendants and the liberality with which such motions are typically granted (see, Lawyer v Albany Med. Ctr. Hosp., 246 AD2d 800, 801-802).

Mikoll, Crew III, White and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion of defendants Steve Gavin and Stroehmann's Bakeries, Inc. for summary judgment denied and plaintiffs' cross motion for leave to serve a second amended complaint granted.