■ DONALD T. PERRY et al., Individually and as Parents and Guardians of RONALD M. PERRY, an Infant, Respondents, v SUSAN M. PELERSI et al., Respondents, and NORTHERN DISTRIBUTING COMPANY, INC., et al., Appellants. [689 NYS2d 772] —Spain, J. Appeal from an order of the Supreme Court (Hughes, J.), entered April 22, 1998 in Albany County, which denied a motion by defendants Northern Distributing Company, Inc. and Edward J. Carrow for summary judgment dismissing the complaint and all cross claims against them.

Plaintiffs commenced this action to recover for injuries sustained by their son when he was struck on a street in the City of Albany by a vehicle driven by defendant Susan M. Pel-

ersi. The child was attempting to cross the street in or near an unmarked crosswalk at an intersection (*see*, Vehicle and Traffic Law § 110 [a]) and, according to Pelersi, the child ran out from behind a parked beer truck. The truck was owned by defendant Northern Distributing Company, Inc. and operated by defendant Edward J. Carrow (hereinafter collectively referred to as defendants). The complaint alleges, *inter alia*, that the truck was illegally parked and also negligently parked so as to obstruct the view. After issue was joined and discovery conducted, defendants moved for summary judgment dismissing the complaint and all cross claims against them, claiming that the truck was lawfully parked and that, therefore, they cannot be found negligent. Supreme Court denied the motion, resulting in this appeal.

Although the truck was parked facing traffic in violation of Vehicle and Traffic Law § 1203 (c), section 1200 (c) of the Vehicle and Traffic Law provides that, when parking is prohibited, a vehicle may stop temporarily for the purpose of and while actually engaged in loading or unloading merchandise. In support of their motion, defendants submitted unrefuted evidence that Carrow was engaged in loading and unloading merchandise at the time of the accident. Thus, we agree with defendants that they have demonstrated that the truck was lawfully parked; however, we disagree with defendants' further claim that, as a matter of law, this precludes negligence liability.

The common-law rule imposing liability for improperly parked vehicles "is not limited to statutory violations but also applies to circumstances evidencing ordinary negligence" (*Boehm v Telfer*, 250 AD2d 975, 976). Such liability depends on determinations by the trier of fact of the issues of foreseeability and proximate cause unique to the particular case (*see*, *Reuter v Rodgers*, 232 AD2d 619, 620). In addition to alleging that the truck was illegally parked, plaintiffs' complaint alleges that the truck was improperly parked in such a manner that it obstructed their son's view of oncoming vehicles as he attempted to cross the street, and defendants submitted no evidence that the truck did not obstruct his view. In opposition to the motion, plaintiffs submitted the deposition testimony of Pelersi, who testified that the truck was parked close to the intersection and obstructed her view of the curb at the intersection where plaintiffs' son attempted to cross the street. Pelersi also testified that the width of the truck required that she drive partly in the opposite lane of traffic as she passed it. Carrow testified that he frequently had seen children in the area during prior deliveries. In these circumstances, there are ques-

tions of fact as to whether Carrow was negligent in the manner in which he parked the truck (*see, Boehm v Telfer, supra*) and, therefore, Supreme Court correctly denied defendants' motion.

Crew III, J. P., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.