■ Miriam Dery et al., Respondents, v DeCostole Carting, Inc., Doing Business as DCI Container Service, et al., Appellants, et al., Defendants. [722 NYS2d 57] —In an action to recover damages for personal injuries, etc., the defendant DeCostole Carting, Inc., d/b/a DCI Container Service appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated September 17, 1999, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and granted that branch of the plaintiffs' cross motion which was to amend the complaint to add DCM Construction Corp. as a defendant, and the defendant New York Telephone Company, s/h/a NYNEX Corporation separately appeals from so much of

the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and granted that branch of the plaintiffs' cross motion which was to compel discovery.

Ordered that the appeal by the defendant DeCostole Carting, Inc., d/b/a DCI Container Service from so much of the order as granted that branch of the plaintiffs' cross motion which was to add DCM Construction Corp. as a defendant is dismissed, as DeCostole Carting, Inc., is not aggrieved by that portion of the order (*see,* CPLR 5511; *Coffey v Brodsky,* 278 AD2d 191); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by the appellants.

The infant plaintiff was struck by an unidentified hit-and-run driver when she ran into the street in front of her house to retrieve a ball. The plaintiffs alleged causes of action against, among others, DeCostole Carting, Inc., d/b/a DCI Container Service which owned a garbage dumpster that was placed on the street, and New York Telephone Company, s/h/a NYNEX Corporation (hereinafter NYNEX), which had placed a work truck on the opposite side of the street. The driver of the vehicle that struck the infant plaintiff was never identified. The plaintiffs contend that the appellants' actions were a proximate cause of the accident because the dumpster and the NYNEX truck were negligently placed on the street, and the truck forced vehicular traffic to veer into the opposite lane, where visibility was obstructed by the dumpster.

The Supreme Court properly denied summary judgment to the appellants. After the appellants established a prima facie case, the plaintiffs raised triable issues of fact in response to both motions (*see, Zuckerman v City of New York,* 49 NY2d 557).

The Supreme Court properly granted that branch of the plaintiffs' cross motion which was to compel discovery of NYNEX's accident reports (*see, Rothstein v Milleridge Inn,* 251 AD2d 154; CPLR 3214 [b]). Florio, Luciano and Schmidt, JJ., concur.

Krausman, J. P., concurs in part and dissents in part and votes to modify the order appealed from by deleting the provision thereof denying the motion of the defendant DeCostole Carting, Inc., d/b/a DCI Container Service for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and substituting therefor a provision grant-

ing that motion, with the following memorandum: I disagree with my colleagues' conclusion that there is an issue of fact as to whether the defendant DeCostole Carting, Inc., d/b/a DCI Container Service (hereinafter DeCostole) can be held liable for the infant plaintiff's injuries, and would modify the order appealed from to award summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

As noted in the majority decision, this action arises from a hit-and-run accident which left the infant plaintiff seriously injured. The record reveals that on the afternoon of June 22, 1996, the hit-and-run vehicle was proceeding west on Avenue J in Brooklyn. Avenue J is a two-way street, and each side of the street has one lane for parked vehicles, and another lane for moving traffic. The east and west bound sides of the roadway are separated by a double yellow line.

On the day of the accident, employees of the defendant New York Telephone Company, s/h/a NYNEX Corporation (hereinafter NYNEX) were working on Avenue J, and a NYNEX van was parked on the west side of the roadway, blocking at least a portion of the westbound traveling lane. According to an eyewitness, the westbound hit-and-run vehicle passed the NYNEX van and had crossed slightly over the double yellow line into the eastbound traveling lane when it struck the infant plaintiff, who had run out into the middle of the street to retrieve a ball. A diagram contained in the police report further indicates that there was an object in the eastbound parking lane, near the site of the collision, which was later determined to be a garbage dumpster owned by the defendant DeCostole Carting, Inc., d/b/a DCI Container Service. The dumpster was approximately 20 feet long, 6 feet high, and 8 feet wide. Although the plaintiffs were unable to discover the identity of the hit-and-run driver, they commenced this action against several defendants, including NYNEX and DeCostole. The plaintiffs theorize that the negligently-parked NYNEX van diverted westbound drivers into the eastbound traveling lane, where visibility was obstructed by the garbage dumpster.

Several defendants, including DeCostole, moved and cross-moved, *inter alia*, for summary judgment dismissing the complaint. In support of its motion, DeCostole relied on the deposition testimony of its vice president that it merely leased and delivered dumpsters to customers, and did not control the customer's decision as to where to place the dumpsters. DeCostole also contended that there was no evidence that the placement of the dumpster was a proximate cause of the accident. In opposition to the motion, the plaintiffs submitted an affida-

vit from an engineer, who asserted that the placement of the dumpster created a "safe sight distance restriction," and that the dumpster had been negligently placed in the street without an appropriate permit. The Supreme Court denied DeCostole's motion for summary judgment, without indicating the rationale for its decision.

The order appealed from should be modified to grant DeCostole's motion for summary judgment. The uncontradicted testimony of DeCostole's vice president establishes that it does not determine the placement of the dumpsters it leases to customers, and thus, it cannot be held liable for the allegedly negligent placement of the dumpster (see, Baker v Sportservice Corp., 142 AD2d 991; see also, Vazquez v Sea-Land Serv., 236 AD2d 321).

Furthermore, there is no evidentiary support for the plaintiffs' theory that the placement of the dumpster was a proximate cause of the accident. Photographs of the dumpster, which is comparable in size to a delivery truck, show that it was placed in the eastbound parking lane of Avenue J, and that it encroached into the eastbound traveling lane by a matter of inches. However, the hit-and-run vehicle was proceeding westbound at the time of the accident, and the diagram contained in the police report shows that the collision occurred at a point when the vehicle had barely crossed over the double yellow line separating the east and west traveling lanes. Although the plaintiffs did submit the affidavit of an engineer who claimed that the placement of the dumpster constituted a sight impediment to traffic on Avenue J, the engineer's affidavit is devoid of factual support for a conclusion that the placement of the dumpster would have actually restricted the view of a driver who, like the hit-and-run driver, was proceeding westbound on Avenue J near the center of the roadway. In addition, the plaintiffs argue that the failure to obtain a permit for the dumpster constitutes proof of negligence. However, Administrative Code of the City of New York § 19-123, which the plaintiffs cite for the first time on appeal, is aimed at promoting sanitation rather than regulating the location of dumpsters for traffic safety purposes (see, Goodman v 78 W. 47th St. Corp., 253 AD2d 384, 386).

Moreover, in contrast to several of the cases upon which the plaintiffs rely, involving double-parked or illegally-parked vehicles, it was legal to park a truck the size of the dumpster in the eastbound parking lane of Avenue J (see, Dowling v Consolidated Carriers Corp., 65 NY2d 799; Ferrer v Harris, 55 NY2d 285; Reuter v Rodgers, 232 AD2d 619; Sullivan v Locas-

*tro,* 178 AD2d 523). Although proof of a statutory violation is not always required in order to establish that the owner of an improperly-parked vehicle is negligent (*see, Boehm v Telfer,* 250 AD2d 975), there must, at a minimum, be some evidence that the improper placement of the vehicle, or, in this case, the garbage dumpster, actually contributed to the accident by obstructing the ability of either the driver or pedestrian to see down the street. Such evidence is not present in this case. In sum, although the plaintiffs' inability to identify and locate the hit-and-run driver is unfortunate, their theory that the placement of the dumpster impeded the unknown driver's vision and contributed to the accident is too speculative to withstand summary judgment.