■ KENDRA JORDAN et al., Appellants, v ALTAGRACIA AVILES et al., Defendants, and BOROWIDE BUSES, INC., et al., Respondents. [734 NYS2d 89] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Garson, J.), dated December 13, 2000, as granted that branch of the motion of the defendants Borowide Buses, Inc., and Pamela Michaud which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion is denied, and the complaint is reinstated insofar as asserted against the respondents.

On November 27, 1996, the infant plaintiff, Kendra Jordan, was injured while crossing West 24th Street at an intersection in Brooklyn when she was struck by a van owned by the defendant Altagracia Aviles and operated by the defendant Luis Santiago. Immediately before the accident, Santiago passed a school mini-bus owned by the defendant Borowide Buses, Inc. (hereinafter Borowide), and operated by the defendant Pamela Michaud which was double-parked on West 24th Street to discharge some children. Kendra, by a guardian ad litem, and her mother, asserting a derivative cause of action, subsequently commenced this action against Aviles, Santiago, Borowide, and Michaud. As to Borowide and Michaud, the plaintiffs alleged that the double-parked bus obstructed Santiago's and Kendra's views of one another and, thus, was a proximate cause of the accident.

At his deposition, Santiago testified that his view down West 24th Street was not obstructed. According to Kendra's deposition testimony, however, the bus obstructed her view of oncoming traffic as she was crossing the street. Kendra also testified that there was an open space adjacent to a fire hydrant in front of the bus. Contrary to Kendra's testimony, Michaud testified that there was no open space in the vicinity of the bus.

After depositions were completed, Borowide and Michaud (hereinafter collectively the respondents) moved, *inter alia,* for summary judgment dismissing the complaint insofar as asserted against them, contending that the double-parked bus was not a proximate cause of the accident based on Santiago's testimony that his view was not obstructed. The Supreme Court erred in granting summary judgment to the respondents. Although they came forward with evidence demonstrating that Michaud's conduct was not a proximate cause of the accident, the plaintiffs demonstrated that there are triable issues of fact with respect to proximate cause based on, among other things, Kendra's deposition testimony (*see, Ferrer v Harris,* 55 NY2d 285, 293-294; *Dery v DeCostole Carting,* 281 AD2d 508; *Perry v Pelersi,* 261 AD2d 780; *Naeris v New York Tel. Co.,* 6 AD2d 196, *affd* 5 NY2d 1009).

To the extent the respondents contend on appeal that the plaintiffs failed to demonstrate the existence of a triable issue of fact as to whether the respondents were negligent, we note

that their motion was based on the absence of proximate cause. They did not establish their entitlement to judgment as a matter of law on the issue of negligence. Consequently, the burden did not shift to the plaintiffs to demonstrate the existence of a triable issue of fact. In any event, there is evidence that Michaud may have been negligent in double-parking if, in fact, there was an open space available for parking while she discharged the children (*see, Boehm v Telfer,* 250 AD2d 975; *Perry v Pelersi, supra*). O'Brien, J. P., Altman, Goldstein and H. Miller, JJ., concur.