■ RANDY BOND, Respondent, v DANIEL GIEBEL, Appellant, et al., Defendants. [787 NYS2d 512]—

Mercure, J.P. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered December 30, 2003 in Schenectady County, which denied defendant Daniel Giebel's motion for summary judgment dismissing the complaint against him.

In January 1999, while operating his snowmobile at night during a heavy snowstorm, plaintiff collided with the parked vehicle of defendant Daniel Giebel (hereinafter defendant), causing plaintiff substantial personal injuries. Although defendant alleges that his vehicle was parked on the lawn of a residence, the vehicle was indisputably in the traveled portion of County Road 94 after the accident. Plaintiff commenced this action, alleging as relevant here, that defendant negligently parked his vehicle within the travel lane of the road. Supreme Court denied defendant's subsequent motion for summary judgment dismiss-

ing the complaint, concluding that a genuine issue of fact existed regarding the location of defendant's vehicle at the time of the accident. Defendant appeals and we now affirm.

It is well settled that "to defeat a motion for summary judgment the opposing party must 'show facts sufficient to require a trial of any issue of fact' " (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980], quoting CPLR 3212 [b]). Here, even assuming that defendant established prima facie entitlement to summary judgment, plaintiff's proffer of photographs taken at the time of the accident, his deposition testimony and the police accident report—which, although hearsay, may be presented in opposition to a motion for summary judgment inasmuch as it is not the only proof submitted (*see Murray v North Country Ins. Co.*, 277 AD2d 847, 850 [2000])—raise triable issues of fact regarding the cause of the accident (*see Perry v Pelersi*, 261 AD2d 780, 781-782 [1999]; *Boyce v Vazquez*, 249 AD2d 724, 726 [1998]; *Reuter v Rodgers*, 232 AD2d 619, 620 [1996]). Accordingly, Supreme Court properly denied defendant's motion.

Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.