■ FRANK SCHNEIDER, Respondent, v MOHAMED DIALLO et al., Appellants-Respondents, and ISTVAN KOSBOR, Respondent-Appellant. [788 NYS2d 366]—

Judgment, Supreme Court, New York County (Kibbie F. Payne, J.), entered July 22, 2003, upon a jury verdict, awarding plaintiff $625,520.29, inclusive of interest, unanimously affirmed, without costs.

Evidence at trial showed that defendants' cab was stopped for a red light in a crosswalk, in violation of New York City Traffic Rules and Regulations (34 RCNY) § 4-03 (a) (3) (vehicles facing steady red light shall stop before entering the crosswalk) and § 4-08 (e) (5) (vehicles shall not stop, stand or park in a crosswalk); that plaintiff pedestrian was unable to cross the street in the crosswalk, chose to cross by walking behind the cab rather than in front, which would have put him in the way of oncoming traffic in the avenue; that codefendant, driving an SUV, saw plaintiff crossing the street, but was unable to stop because of icy road conditions, among other reasons; and that the SUV hit plaintiff, pushing him into the cab's rear bumper and causing crush injuries. There is no merit to defendants' argument that such evidence is insufficient as a matter of law to show any negligence on their part proximately causing the injuries. But for the cab's negligent presence in the crosswalk, plaintiff would not have sustained the crush injuries he did. The connection between the traffic violation and the injuries is logical and immediate enough to permit a jury to find a causal relationship between them (see Ferrer v Harris, 55 NY2d 285, 293-294 [1982]), particularly in view of the icy road conditions. We note that the trial court's jury charge on proximate cause, which is virtually identical to PJI3d 2:70 (2004), and states, in pertinent part, that an act or omission is regarded as a cause of an injury if it was a substantial factor in bringing about the

injury, was specifically requested by defendants. The trial court properly denied defendants' request to charge 34 RCNY 4-03 (a) (3) with respect to codefendant's operation of the SUV, there being no evidence that the SUV actually made it into the crosswalk. In addition, any error by the trial court in refusing to charge 34 RCNY 4-04 (c) (2) (pedestrians must cross intersections only within the crosswalk) was harmless, since a violation thereof would constitute only some evidence of negligence (*see Elliott v City of New York*, 95 NY2d 730, 734 [2001]), and the trial court's instructions on negligence were otherwise adequate. The jury's finding of 0% fault on the part of plaintiff was not against the weight of the evidence. We have considered defendants' other arguments, including that the award for future pain and suffering was excessive, and find them unavailing. Concur—Buckley, P.J., Sullivan, Nardelli, Williams and Sweeny, JJ.