■ JOEL LAVANDIER, Formerly Known as JOEL ROSARIO, et al., Respondents, v LANDMARK INSURANCE COMPANY et al., Defendants, and SOBEL AFFILIATES, INC., Appellant. [810 NYS2d 45]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 21, 2005, which, to the extent appealed from, granted plaintiffs' motion to serve an amended complaint, unanimously affirmed, without costs.

The proposed amendments, alleging that defendant insurance broker Sobel Affiliates, Inc. (Sobel) breached its contract with the insureds and was negligent in failing to timely forward notice of the subject claims to the insureds' carrier, Landmark Insurance Company, were properly permitted. Although Sobel contends that the causes asserted in the proposed amendments are time-barred, it failed to meet its burden conclusively to demonstrate that affirmative defense (see CPLR 3018 [b]; *Martin v Edwards Labs., Div. of Am. Hosp. Supply Corp.*, 60 NY2d 417, 428 [1983]; *and see Viacom Intl. v Midtown Realty Co.*, 193 AD2d 45, 52 [1993]). The record, which is unclear as to the date when Sobel first received notice of the underlying claims, affords no basis to conclude, as a matter of law, when the breach of contract claim against Sobel accrued (see *National Life Ins. Co. v Hall & Co. of N.Y.*, 67 NY2d 1021, 1023 [1986]). Consequently, it does not permit a conclusion as to whether that claim is time-barred. Particularly in view of the circumstance that the proposed negligence claim accrued not at the time of the alleged breach of duty but, subsequently, at the time of injury (see *Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]), i.e., in June 2001 when Landmark disclaimed, that claim too was properly sustained as against the defense of untimeliness.

We have considered Sobel's remaining claims and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Nardelli and Malone, JJ.