■ MICHAEL J. GOGARTY, Respondent, v HAY KIT HO, Respondent, and ETNA MAINTENANCE CORP., Appellant. (And a Third-Party Action.) [813 NYS2d 526]—

In an action to recover damages for personal injuries, the defendant ETNA Maintenance Corp. appeals from an order of the Supreme Court, Kings County (Johnson, J.), dated October 27, 2005, which denied its motion, inter alia, for summary judg-

ment dismissing the complaint and the cross claim insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff, while crossing First Avenue at the intersection of East 82nd Street in Manhattan, was struck by a vehicle owned and operated by the defendant Hay Kit Ho (hereinafter Ho) as the vehicle turned left onto First Avenue. At the time of the accident, the defendant ETNA Maintenance Corp. (hereinafter the appellant) was engaged in a construction project to remove and replace a portion of the sidewalk on the west side of First Avenue between East 82nd Street and East 83rd Street, to repair sidewalk vaults on East 82nd Street, and to install barricades and a temporary pedestrian walkway on the west side of First Avenue. The temporary pedestrian walkway was five feet wide and ran approximately 75 feet north from the crosswalk on First Avenue, north of the intersection at East 82nd Street toward East 83rd Street. The appellant had placed a 20-cubic yard dumpster on the north side of East 82nd Street, approximately five feet west of the crosswalk located to the west of First Avenue.

The appellant made a prima facie showing of entitlement to summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). In response, the plaintiff raised a triable issue of fact, based upon the parties' deposition testimony, the plaintiff's affidavit, and an affidavit of the plaintiff's expert, regarding whether the appellant's alleged acts and omissions contributed to and were a proximate cause of the accident (*see Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra; Dery v DeCostole Carting,* 281 AD2d 508 [2001]; *see also Burgos v Aqueduct Realty Corp.,* 92 NY2d 544, 550 [1998]).

The appellant's remaining contentions are without merit. Adams, J.P., Ritter, Goldstein and Covello, JJ., concur.