■ ROMAN CHERNIN, Respondent, v NEW YORK CITY METROPOLITAN TRANSIT AUTHORITY et al., Appellants. (And a Third-Party Action.) [861 NYS2d 123]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (D. Schmidt, J.), dated April 27, 2007, which denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In support of that branch of their motion which was for summary judgment dismissing the complaint, the defendants failed to meet their prima facie burden of establishing entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Viewing the evidence in the light most favorable to the plaintiff and drawing all reasonable inferences in his favor (*see Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]; *Robinson Motor Xpress, Inc. v HSBC Bank, USA*, 37 AD3d 117, 119 [2006]), the plaintiff's deposition testimony, which the defendants submitted in support of their motion, raised an issue of fact as to whether the defendants' bus operator was negligent in stopping the subject bus in the crosswalk (*see* 34 RCNY 4-03 [a] [3] [i]; 4-08 [e] [5]; *see also Schneider v Diallo*, 14 AD3d 445 [2005]). Further, the plaintiff's deposition testimony raised a question of fact as to whether the location of the bus in the middle of the crosswalk, which allegedly blocked his view of oncoming traffic, including the van that struck him, was a proximate cause of his injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314 [1980]; *Thomas v Vezza*, 29 AD3d 678 [2006]; *Jordan v Aviles*, 288 AD2d 347 [2001]; *Dery v DeCostole Carting*, 281 AD2d 508, 509 [2001]; *Perry v Pelersi*, 261 AD2d 780 [1999]; *Sullivan v Locastro*, 178 AD2d 523, 525 [1991]). Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.