■ Charles S. Hopkins III, Appellant, v Patrick A. Ambrose et al., Defendants, and Lucas Petkash et al., Respondents. [903 NYS2d 784]—

1456

Mercure, J.P. Appeals (1) from an order of the Supreme Court (Dowd, J.), entered April 13, 2009 in Chenango County, which granted a motion by defendants Lucas Petkash and Gail A. Petkash for summary judgment dismissing the complaint against them, and (2) from the judgment entered thereon.

In August 2007, defendant Patrick A. Ambrose, a locomotive engineer for Canadian Pacific Railway, was traveling home from work at approximately 1:00 A.M. when he was involved in a collision with a pedestrian. Ambrose testified in an examination before trial that the accident occurred as he approached the Hitchin Post bar in the Town of Colesville, Broome County, traveling eastbound in the passing lane of Route 7. When he neared the bar, a pick-up truck allegedly driven by defendant Lucas Petkash backed onto Route 7 and stopped in Ambrose's lane of travel, facing him head-on. Ambrose testified that he slowed down, moved into the right lane and then struck plaintiff, who had suddenly stepped out from behind the pick-up truck.

Thereafter, plaintiff commenced this action asserting claims sounding in negligence against Ambrose and Petkash, along with defendants Diane M. Ambrose and Gail A. Petkash, as owners of the vehicles involved in the accident. Defendants answered and asserted cross claims. Upon the Petkashes' motion for summary judgment, Supreme Court dismissed the complaint against them. Plaintiff appeals from Supreme Court's order and the judgment entered thereon, and we now reverse.

"It is well settled that owners of improperly parked [vehicles] may be held liable to plaintiffs injured by negligent drivers of other vehicles, depending on the determinations by the trier of fact of the issues of foreseeability and proximate cause unique to the particular case" (*Boehm v Telfer*, 250 AD2d 975, 976 [1998] [internal quotation marks and citation omitted]; *see Ferrer v Harris*, 55 NY2d 285, 293-294 [1982]). Here, in opposition to the Petkashes' motion for summary judgment, plaintiff submitted affidavits from eyewitnesses—one of whom was in the Petkashes' vehicle at the time of the accident—stating that Lucas Petkash backed his truck onto Route 7, facing westbound, and stopped on the center yellow line with the vehicle's headlights in operation. These eyewitnesses also averred that plaintiff walked up to the truck to talk to its occupants, and was hit while walking away from the Petkashes' truck. Although

Ambrose testified that he saw a white or grey truck—as opposed to a black truck such as that driven by Lucas Petkash—facing him in his eastbound lane of travel, we conclude that the evidence presented by plaintiff created questions of fact regarding whether Lucas Petkash negligently parked his vehicle on Route 7, thereby obstructing the roadway and contributing to the accident (*see Ferrer v Harris*, 55 NY2d at 293-294; *Perry v Pelersi*, 261 AD2d 780, 781-782 [1999]; *Boehm v Telfer*, 250 AD2d at 976; *see also Yavkina v New York City Police Dept.*, 60 AD3d 669, 669-670 [2009]; *Murray-Davis v Rapid Armored Corp.*, 300 AD2d 96, 96 [2002]).

Spain, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order and judgment are reversed, on the law, with costs, and motion denied.