■ CHRISTOPHER VIOLA, Appellant, v JOSEPH MILO, Defendant/Third-Party Plaintiff-Respondent, et al., Defendant. ABOVE ALL CARTING, INC., Third-Party Defendant. [912 NYS2d 417]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated July 29, 2009, as, upon renewal, in effect, vacated so much of its prior order dated March 26, 2008, as denied that branch of the motion of the defendant Joseph Milo which was for summary judgment dismissing the complaint insofar as asserted against him, and thereupon granted that branch of the motion.

Ordered that the order dated July 29, 2009, is reversed insofar as appealed from, with one bill of costs payable by the defendant/third-party plaintiff and the third-party defendant, and, upon renewal, so much of the order dated March 26, 2008, as denied that branch of the motion of the defendant Joseph Milo which was for summary judgment dismissing the complaint insofar as asserted against him, is adhered to.

Upon renewal, the defendant Joseph Milo failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint, alleging negligent placement of a dumpster, insofar as asserted against him (*see generally Dery v DeCostole Carting*, 281 AD2d 508, 511 [2001]; *Baker v Sportservice Corp.*, 142 AD2d 991 [1988]). Therefore, this Court need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Mastro, J.P., Covello, Angiolillo and Lott, JJ., concur.