■ RANDY BOND, Respondent, v PROGRESSIVE INSURANCE COMPANY, Defendant, and HOPMEIER-EVANS-GAGE AGENCY, Appellant. [917 NYS2d 756]—

Garry, J.

In 2002, plaintiff commenced a personal injury action against Robert O'Rourke and Theresa O'Rourke arising from a 1999 collision between plaintiff's snowmobile and the O'Rourkes' vehicle, which was insured by defendant Progressive Insurance Company. The O'Rourkes allegedly informed their insurance broker, defendant Hopmeier-Evans-Gage Agency (hereinafter HEG), of the action on the same day that they were served in March 2002. HEG allegedly failed to notify Progressive of the action, and no counsel appeared on the O'Rourkes' behalf. In August 2002, Supreme Court entered a default judgment against the O'Rourkes as to liability, deferring assessment of damages while plaintiff's related action against another individual was pending (*see generally Bond v Giebel*, 14 AD3d 849 [2005]). Upon the conclusion of the related action, a default inquest was conducted and, in April 2008, a final judgment was entered against the O'Rourkes awarding damages to plaintiff of approximately $1.2 million. Progressive declined plaintiff's request for payment. The O'Rourkes subsequently assigned their claims against HEG and Progressive to plaintiff, who commenced this action in April 2009 asserting, among other things, causes of action for negligence and breach of contract.[1] After joinder of issue, defendants moved separately to dismiss the complaint as time-barred. Supreme Court denied both motions, and HEG now appeals.[2]

Supreme Court determined that all of plaintiff's claims were based on breach of the duty to defend, that this duty continued throughout the underlying litigation against the O'Rourkes,

---

**1.** As against HEG, the complaint included a single cause of action alleging that HEG breached a duty to the O'Rourkes, was negligent, and committed "errors and omissions." In opposing HEG's motion to dismiss, plaintiff contended that these allegations embraced theories of recovery in both negligence and breach of contract.

**2.** Progressive also appealed initially, but this Court granted its subsequent application for leave to withdraw and discontinue the appeal.

and thus, that no cause of action in tort or contract accrued until the litigation became final in April 2008 and the breach of duty could no longer be corrected. Accordingly, the court found that the claims against HEG and Progressive were timely (*see Ghaly v First Am. Tit. Ins. Co. of N.Y.*, 228 AD2d 551, 552 [1996]; *see generally Colpan Realty Corp. v Great Am. Ins. Co.*, 83 Misc 2d 730 [1975]; *compare Roldan v Allstate Ins. Co.*, 149 AD2d 20, 29 [1989]). HEG contends that the court erred in applying this reasoning to it because, as an insurance agency rather than an insurer, HEG owed the O'Rourkes no duty to defend. For purposes of this motion, HEG concedes that its alleged failure to notify Progressive of the action against the O'Rourkes constituted a breach of duty, but it asserts that any cause of action in tort or contract based on that breach accrued when the failure took place in March 2002, and was time-barred when this action was filed more than seven years later.

Even if HEG's contention that it owed the O'Rourkes no continuing duty to defend is correct, we agree with Supreme Court that the claim against it is timely. In our view, plaintiff's cause of action charging HEG with negligence, breach of duty and "errors and omissions" sounds in tort (*see Santiago v 1370 Broadway Assoc.*, 96 NY2d 765, 766 [2001]), is governed by the three-year negligence statute of limitations (*see* CPLR 214 [4]; *Chase Scientific Research v NIA Group*, 96 NY2d 20, 30 [2001]), and, for the reasons stated below, did not accrue until the April 2008 judgment awarded damages against the O'Rourkes.

This Court has not previously addressed the specific question of the time of accrual of a cause of action against an insurance broker for failing to give proper notice to an insurer of a claim against an insured, but the Appellate Division, First Department has held that such a claim accrues when injury results from the broker's failure, rather than at the time of the failure itself (*see Lavandier v Landmark Ins. Co.*, 26 AD3d 264, 264 [2006]). This Court has previously held that a comparable cause of action arising out of an insurance broker's breach of the common-law duty to procure coverage requested by an insured sounded in tort and did not accrue at the time of the broker's breach, but when the insured's vehicle was involved in an accident for which the coverage was inadequate (*see Venditti v Liberty Mut. Ins. Co.*, 6 AD3d 961, 962 [2004]; *see also Chase Scientific Research v NIA Group*, 96 NY2d at 30). We perceive no reason to reach a different conclusion in the current circumstances.

It is well established that a tort claim accrues when it "becomes enforceable, i.e., when all elements of the tort can be

truthfully alleged in a complaint" (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]). Accordingly, when damage is an essential element of a tort, the claim does not accrue at the time of the defendant's wrongful act or the plaintiff's discovery of the injury, but when harm is sustained (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 140 [2009]; *Kronos, Inc. v AVX Corp.*, 81 NY2d at 94; *Schultes v Kane*, 50 AD3d 1277, 1278 [2008]). The injury underlying plaintiff's claim against HEG was not sustained at the time of HEG's alleged breach, but when that breach later caused harm, in the form of the judgment entered against the O'Rourkes. "Damages are a necessary element of a negligence claim which must be pleaded and proven" (*Siler v Lutheran Social Servs. of Metro. N.Y.*, 10 AD3d 646, 648 [2004] [citations omitted]). The O'Rourkes could not have pleaded or proven any harm arising from HEG's alleged breach of duty prior to the April 2008 judgment, and any negligence claim they might have sought to assert against HEG would have been subject to dismissal as premature (*see Cutro v Sheehan Agency*, 96 AD2d 669 [1983]; *see also Matter of Martinez v State of New York*, 62 AD3d 1225, 1226-1227 [2009]). As the O'Rourkes' claim against HEG, later assigned to plaintiff, did not become enforceable until the judgment against them was entered, plaintiff's action was timely, and Supreme Court properly denied HEG's motion to dismiss the complaint against it.

Peters, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.