Johnson v Northeast Agencies Inc. (2025 NY Slip Op 05302)

Johnson v Northeast Agencies Inc.

2025 NY Slip Op 05302

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Manzanet-Daniels, J.P., Friedman, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 809872/23|Appeal No. 4808|Case No. 2024-03868|

[*1]Alanvius Johnson, Plaintiff-Appellant,
v
Northeast Agencies Inc., et al., Defendants-Respondents.

Arnold E. DiJoseph, P.C., Staten Island (Arnold E. DiJoseph III of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Christopher Russo of counsel), for Northeast Agencies Inc., respondent.
Wood Smith Henning & Berman LLP, White Plains (Christopher J. McClain of counsel), for Thomas Whalen, respondent.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered on or about May 24, 2024, which granted defendants' respective motions to dismiss the complaint against them under CPLR 3211(a)(5) as time barred, unanimously affirmed, without costs.
In 2016, plaintiff, the owner of a two-family building, engaged defendants as his insurance brokers to procure an insurance policy for the rental property. In March 2018, an action was commenced against plaintiff seeking damages for personal injuries that occurred on his rental property. In April 2018, the insurer disclaimed personal liability coverage because, among other reasons, the building was not an "insured location" under the policy. Plaintiff commenced this negligence action against defendants in June 2023, over five years after the insurer disclaimed coverage.
Supreme Court properly concluded that plaintiff's cause of action accrued in April 2018, at the time of injury, when his insurer disclaimed coverage (see Lavandier v Landmark Ins. Co., 26 AD3d 264, 264 [1st Dept 2006]). Accordingly, the cause of action was untimely because it was commenced more than three years after the claim accrued (see CPLR 214[4]; Chase Scientific Research v NIA Group, 96 NY2d 20, 30-31 [2001]).
The insurer's assignment of defense counsel, pending confirmation of the propriety of its disclaimer in a declaratory judgment action, did not make the disclaimer ambiguous or alter the date of accrual (cf. Pulte Group, Inc. v Frank Crystal & Co., 2012 WL 1372158, *2, 2012 US Dist LEXIS 55547 [SD NY, April 18, 2012, No. 11 Civ. 6214(LAK)]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025