■ JO-ANN BACKER et al., Plaintiffs, v W & S ASSOCIATES, L.P., Also Known as THE SOURCE MALL, Defendant and Third-Party Plaintiff-Appellant. CANNON CONTRACTING OF NY, INC., Third-Party Defendant-Respondent. (And Another Third-Party Action.) [762 NYS2d 882] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from so much of an order of the Supreme Court, Queens County (Golia, J.), dated April 1, 2002, as granted the cross

motion of the third-party defendant Cannon Contracting of NY, Inc., to vacate its default in appearing or answering in the third-party action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied, and the matter is remitted to the Supreme Court, Queens County,. for further proceedings consistent herewith.

The Supreme Court erred in granting the motion of the third-party defendant Cannon Contracting of NY, Inc. (hereinafter Cannon), to vacate its default in appearing or answering in the third-party action. Cannon failed to submit evidence establishing both a reasonable excuse for its default and a meritorious defense to the third-party action (*see* CPLR 5015 [a] [1]; *O'Shea v Bittrolff,* 302 AD2d 439 [2003]; *Cilindrello v Rayabin,* 297 AD2d 699 [2002]; *Simmons First Natl. Bank v Mandracchia,* 248 AD2d 375, 376 [1998]; *Peacock v Kalikow,* 239 AD2d 188, 190 [1997]; *Miles v Blue Label Trucking,* 232 AD2d 382, 383 [1996]). Therefore, it was not entitled to vacatur of its default.

Contrary to Cannon's argument, this appeal has not been rendered academic by its settlement of the action with the plaintiffs. The third cause of action in the third-party complaint asserts a contractual claim to recover an attorney's fee and the costs and disbursements associated with the action brought by the plaintiff against the defendant third-party plaintiff. The stipulation of discontinuance between the plaintiff and Cannon does not resolve these issues. Altman, J.P., Krausman, Goldstein, H. Miller and Crane, JJ., concur.