■ YOLANDO CORRADO, Plaintiff, v 80 BROAD, LLC, Respondent, and FIRST REPUBLIC BANK, Appellant. [957 NYS2d 326]—

This is an action for personal injuries suffered by plaintiff, who is not a party to this appeal, when she tripped and fell on a defect in the public sidewalk in front of the defendant tenant bank's branch office, located in premises leased from defendant landlord's building. Pursuant to the lease, defendant landlord is responsible for maintaining the sidewalk and defendant tenant's use of the sidewalk is limited to a three foot "control zone" outside the premises for ingress, egress and deliveries where landlord retains control of the lighting, signage, presentation and design of the premises. In addition, the lease contains an indemnification provision providing that tenant is to indemnify landlord for any accident that occurs "in or about the premises."

Although the phrase "in or about" may, in appropriate circumstances, refer to a general area "expressing the idea of physical proximity" sufficient to include the sidewalk outside a demised premises (see Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153, 159 [1977]), construing the indemnification clause in this manner would improperly place the clause in direct conflict with other provisions of the lease (National Conversion Corp. v Cedar Bldg. Corp., 23 NY2d 621, 625 [1969]; HSBC Bank USA v National Equity Corp., 279 AD2d 251, 253 [1st Dept 2001]). Tenant is precluded from having any beneficial use of or responsibility for maintenance of the sidewalk and the public sidewalk was not part of the leased premises. Accordingly, the indemnification provision cannot be construed as an agreement to indemnify landlord for accidents on the public sidewalk (see e.g. Lopez v Guei Shun Shiau, 29 Misc 3d 1215[A], 2010 NY Slip Op 51831[U] [2010], affd 88 AD3d 598 [1st Dept 2011]).

The tenant also seeks summary judgment against the landlord on the tenant's common-law indemnification claims to the extent the tenant is liable to plaintiff. Such relief, which the tenant requested in the alternative, is unnecessary since the order appealed from also dismissed the complaint as against the tenant. Concur—Friedman, J.P., Acosta, Renwick, Richter and Román, JJ.