# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**527**

**CA 13-01320**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

THOMAS MAGGIO AND DIANE MAGGIO,
PLAINTIFFS,

V                                                  MEMORANDUM AND ORDER

EYE CARE PROFESSIONALS OF WESTERN NEW
YORK, LLP, DEFENDANT-RESPONDENT,
AND 4703 TRANSIT ROAD REALTY, LLC,
DEFENDANT-APPELLANT.

---

LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (RICHARD S. POVEROMO OF
COUNSEL), FOR DEFENDANT-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (JOHN R.
CONDREN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered April 15, 2013. The order, among other things, granted that part of the motion of defendant Eye Care Professionals of Western New York, LLP, for summary judgment dismissing the contractual indemnification cross claim of defendant 4703 Transit Road Realty, LLC, and denied that part of the motion of defendant 4703 Transit Road Realty, LLC, for summary judgment on its contractual indemnification cross claim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Thomas Maggio (plaintiff) while working in the attic above an unoccupied commercial rental space owned by defendant 4703 Transit Road Realty, LLC (landlord). According to his deposition testimony, plaintiff was in the process of building a plywood platform or walkway in the attic above the unoccupied space when he slipped off a joist and fell through the ceiling to the cement floor in the unoccupied space, 11 feet below. Defendant Eye Care Professionals of Western New York, LLP (tenant) leased the adjacent separate commercial space from the landlord. The lease contains an indemnification provision providing that the tenant is to indemnify the landlord for any accident that occurs "in or about the Leased Premises and common areas." The lease does not define or identify any common areas within the building, and a diagram of the "Leased Premises" appended to the lease does not depict any common areas in the building. Supreme Court, as relevant on appeal, granted that part of the tenant's motion

for summary judgment dismissing the cross claim for contractual indemnification and denied that part of the landlord's motion for summary judgment on that cross claim, and the landlord appeals.  We affirm.

The threshold issue for our determination is whether the indemnification provision in the contract was triggered, i.e., whether "the contractual language evinces an 'unmistakable intent' " on the part of the tenant to indemnify the landlord (*Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 417), and we conclude that it was not triggered.  Although the phrase "in or about the Leased Premises and common areas" may be construed in appropriate circumstances to include locations outside of a demised premises, such as a sidewalk (*see e.g. Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153, 159), we conclude that here the indemnification provision cannot be construed as an agreement to indemnify the landlord for accidents occurring within a separate but unoccupied rental unit of a commercial building over which the landlord has exclusive control and in which the tenant has no beneficial interest (*see Corrado v 80 Broad*, *LLC*, 101 AD3d 631, 631).  Having concluded that the indemnification provision was not triggered (*cf. Great N. Ins. Co.*, 7 NY3d at 418), we do not reach the landlord's contentions regarding its alleged enforceability under General Obligations Law § 5-321.

Entered:  June 13, 2014                          Frances E. Cafarell
                                                 Clerk of the Court