■ Philip Mastrogiacomo, Respondent, v Craig M. Geoghan et al., Respondents, and A. Uliano & Son, Ltd., et al., Appellants. [13 NYS3d 156]—

In an action to recover damages for personal injuries, the defendants A. Uliano & Son, Ltd., and Peter Capicotto appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated November 21, 2013, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them and dismissing the cross claim for contractual indemnification asserted against them by the defendant Custom Commercial Construction Corp.

Motion by the defendant Custom Commercial Construction Corp., inter alia, to dismiss the appeal on the ground that the appeal has been rendered academic. By decision and order on motion of this Court dated October 23, 2014, that branch of the motion which was to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal is granted to the extent that the appeal from so much of the order as denied that branch of the motion of the defendants A. Uliano & Son, Ltd., and Peter Capicotto which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed as academic, and that branch of the motion is otherwise denied; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly was injured when the vehicle in which he was a passenger, operated by the defendant Craig M. Geoghan and owned by the defendant Janet P. Geoghan (hereinafter together the Geoghans), collided with a truck owned by the defendant A. Uliano & Son, Ltd., and operated by its employee, the defendant Peter Capicotto (hereinafter together the appellants). The truck was stationary at the time of the accident. The plaintiff commenced this action against, among others, the Geoghans, the appellants, and the defendant Custom Commercial Construction Corp. (hereinafter Custom), which had hired the appellants as a subcontractor to remove material from a construction site. Custom asserted, inter alia, a cross claim for contractual indemnification against the appellants. Pursuant to the terms of the indemnification provision of the appellants' subcontract with Custom, the appellants were obligated to defend and indemnify Custom for "all claims, damages, losses and expenses including attorneys' fees arising out of or resulting from the performance of the Work . . . and . . . caused in whole or in part by any negligent act or omission of [the appellants]." In an order dated November 21, 2013, the Supreme Court, inter alia, denied those branches of the appellants' motion which were for summary judgment dismissing the complaint insofar as asserted against them and dismissing the cross claim for contractual indemnification asserted against them by Custom. After this appeal was perfected, the plaintiff settled the action and discontinued the action against all of the defendants.

In light of the settlement of the action between the plaintiff and the appellants during the pendency of this appeal, the appeal from so much of the order as denied that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them has been rendered academic (*see H.L. & F.H. Realty Corp. v Gulf Ins. Co.*, 19 AD3d 646 [2005]). However, the appeal from so much of the order as denied that branch of the appellants' motion which was for summary judgment dismissing the cross claim for contractual indemnification asserted against them by Custom has not been rendered academic by the appellants' settlement of the action with the plaintiff. The stipulation of discontinuance between the plaintiff and the defendants did not resolve that claim (*see Backer v W & S Assoc.*, 307 AD2d 901, 902 [2003]).

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the cross claim for contractual indemnification asserted against

them by Custom, as the appellants failed to demonstrate, prima facie, that Custom would not be entitled to indemnification under the terms of the indemnification provision of the appellants' subcontract with Custom. "[O]wners of improperly parked cars may be held liable to plaintiffs injured by negligent drivers of other vehicles, depending on the determinations by the trier of fact of the issues of forseeability and proximate cause unique to the particular case" (*Reuter v Rodgers,* 232 AD2d 619, 620 [1996]; *see Yavkina v New York City Police Dept.,* 60 AD3d 669, 669-670 [2009]). In support of their motion, the appellants submitted evidence indicating, inter alia, that Capicotto parked the truck on the side of the roadway, blocking one third to one half of the single lane of eastbound traffic, in which the plaintiff's vehicle was traveling, at the location of the accident. The appellants' submissions failed to eliminate all triable issues of fact as to whether Capicotto was negligent in the manner in which he parked the truck, and, if so, whether such negligence was a proximate cause of the accident (*see Ferrer v Harris,* 55 NY2d 285, 293-294 [1982]; *Spadaro v Parking Sys. Plus, Inc.,* 113 AD3d 833, 835-836 [2014]; *Yavkina v New York City Police Dept.,* 60 AD3d at 670). Since the appellants failed to make a prima facie showing of their entitlement to judgment as a matter of law, that branch of their motion which was for summary judgment dismissing the cross claim for contractual indemnification asserted against them by Custom was properly denied, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Dillon, J.P., Dickerson, Roman and LaSalle, JJ., concur.