Morales v Suffolk County DPW (2020 NY Slip Op 03777)





Morales v Suffolk County DPW


2020 NY Slip Op 03777


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-02080
 (Index No. 5038/15)

[*1]Clara Y. Morales, plaintiff-respondent, 
v
Suffolk County DPW, et al., defendants-respondents, Jin Y. Trading, Inc., appellant.


Cheven, Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for appellant.
Jacoby & Jacoby, Medford, NY (Melvyn Jacoby of counsel), for plaintiff-respondent.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Randy S. Nissan of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Jin Y. Trading, Inc., appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated January 30, 2019. The order denied the motion of the defendant Jin Y. Trading, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly was injured when a bus in which she was riding made contact with a box truck that was parked in a no parking zone. The box truck was partially protruding into the lane of traffic in which the bus was traveling. The plaintiff commenced this action against, among others, the owner of the box truck, the defendant Jin Y. Trading, Inc. (hereinafter JYT). JYT moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion, and JYT appeals.
"[O]wners of improperly parked cars may be held liable to plaintiffs injured by negligent drivers of other vehicles, depending on the determinations by the trier of fact of the issues of forseeability and proximate cause unique to the particular case" (Reuter v Rodgers, 232 AD2d 619, 620; see Mastrogiacomo v Geoghan, 129 AD3d 1035, 1037). Here, JYT's submissions failed to eliminate all triable issues of fact as to whether JYT's employee was negligent in the manner in which he parked the box truck, and, if so, whether such negligence was a proximate cause of the accident (see Ferrer v Harris, 55 NY2d 285, 293-294; Yavkina v New York City Police Dept., 60 AD3d 669, 670). Since JYT failed to make a prima facie showing of its entitlement to judgment as a matter of law, we agree with the Supreme Court's determination denying its motion regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court