Dagnino v Key Bank (2021 NY Slip Op 06833)





Dagnino v Key Bank


2021 NY Slip Op 06833


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-04682
 (Index No. 50883/15)

[*1]Linda A. Dagnino, appellant-respondent,
v
Key Bank, etc., respondent-appellant, Red Hook Area Chambers of Commerce, Inc., et al., respondents.


Birbrower & Beldock, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant-respondent.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Louise M. Cherkis of counsel), for respondent-appellant.
Schwab & Gasparini, PLLC, White Plains, NY (Louis U. Gasparini of counsel), for respondent Red Hook Area Chambers of Commerce, Inc.
Drake Loeb PLLC, New Windsor, NY (Stephen J. Gaba of counsel), for respondent Village of Red Hook.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Key Bank cross-appeals, from an order of the Supreme Court, Dutchess County (Edward T. McLoughlin, J.), dated April 12, 2018. The order, insofar as appealed from, granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them. The order, insofar as cross-appealed from, denied that branch of the motion of the defendant Key Bank which was for summary judgment on its cross claim for contractual indemnification against the defendant Village of Red Hook.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant Red Hook Area Chambers of Commerce, Inc., payable by the plaintiff, and one bill of costs to the defendant Village of Red Hook payable by the plaintiff and the defendant Key Bank.
On August 16, 2014, at approximately 4:00 p.m., the plaintiff visited a kiosk operated by the defendant Red Hook Area Chambers of Commerce, Inc. (hereinafter the COC). The kiosk was located on the edge of a parking lot then owed by the defendant Key Bank, which was used under license by the defendant Village of Red Hook for municipal parking. To reach the kiosk from the sidewalk, visitors had to ascend a single-step sidewalk curb onto a red brick walkway that passed through a landscaped area separating the parking lot from the sidewalk. The plaintiff ascended the curb and proceeded to the kiosk. Moments later, the plaintiff left the kiosk, proceeded back down the walkway, and stumbled and fell upon descending the curb.
The plaintiff commenced this personal injury action against Key Bank, the Village, and the COC, alleging that the concrete curb, which was identical in color to the concrete sidewalk, created optical confusion and thereby constituted a dangerous condition. The defendants each interposed cross claims against one another.
The defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, arguing, among other things, that the condition that caused the plaintiff's injury was open and obvious, and not inherently dangerous. Key Bank also sought summary judgment on its cross claim for contractual indemnification against the Village. In an order dated April 12, 2018, the Supreme Court, inter alia, granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them and denied that branch of Key Bank's motion which was for summary judgment on its cross claim for contractual indemnification against the Village. The plaintiff appeals, and Key Bank cross-appeals.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them by demonstrating that the condition of the curb was open and obvious, and not inherently dangerous (see Smith v South Bay Home Assn., Inc., 102 AD3d 668, 669; Murray v Dockside 500 Mar., Inc., 32 AD3d 832, 832-833; cf. Matheis v Hunt Country Furniture, Inc., 140 AD3d 713, 714). In opposition, the plaintiff failed to raise a triable issue of fact. While the plaintiff's opposition included the affidavit of an expert, the expert's opinion failed to raise a triable issue of fact. The expert's photographs showed that the curb, unlike the sidewalk, did not have lines delineating slabs. Further, the expert failed to identify the engineering standards or practices upon which he relied in asserting that the curb was a dangerous and defective condition (see Salas v Adirondack Tr. Lines, Inc., 172 AD3d 775, 776; Bohan v F.R.P. Sheet Metal Contr. Corp., 58 AD3d 781).
While Key Bank is correct that dismissal of the complaint does not render academic its cross claim for contractual indemnification against the Village to recover Key Bank's defense costs (see generally Mastrogiacomo v Geoghan, 129 AD3d 1035, 1036; Moser v Lavipour & Co., Inc., 35 AD3d 414, 416), Key Bank failed to demonstrate, prima facie, whether the alleged accident occurred on the portion of its property subject to the Village's license (see Corrado v 80 Broad, LLC, 101 AD3d 631, 631; Christ the King Regional High School v Zurich Ins. Co. of N. Am., 91 AD3d 806, 809), or whether the alleged injury, and resulting action commenced by the plaintiff, fell within the terms of the contractual indemnification agreement which required proof of a breach of contract or negligence.
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them and denied that branch of Key Bank's motion which was for summary judgment on its cross claim for contractual indemnification against the Village.
HINDS-RADIX, J.P., DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court