■ FOURTH OCEAN PUTNAM CORP. et al., Appellants, v SUBURBIA FEDERAL SAVINGS & LOAN ASSOCIATION et al., Respondents, et al., Defendant.

The plaintiff Lawrence Reed was the sole shareholder and officer of the plaintiff Fourth Ocean Putnam Corp. (hereinafter FOPC) which was the owner of Pebble Cove Properties in Atlantic Beach, New York. In September 1983 European American Bank & Trust Company, which held a mortgage on that property, began foreclosure proceedings in consequence of FOPC's failure to make certain principal, interest and real estate tax payments.

On or about October 6, 1983, Manufacturers Hanover Trust Company committed itself to a refinancing arrangement which would have permitted FOPC to satisfy the existing mortgage. However, on October 7, 1983, Reed and John L. Doran entered into a written agreement under which FOPC was to sell Pebble Cove Properties to a joint venture to be formed between Doran and Suburbia. The agreement provided that the joint venture would satisfy the existing mortgage, pay real estate tax arrears, satisfy various liens on the property and assume certain debts. In addition, Reed was to receive the sum of $200,000 in cash and take back a one-year second mortgage in the sum of $1,000,000 with interest at 9% at the closing which was to take place on November 10, 1983. Reed also was to receive for $1 one of the houses to be built on the property. On October 20, 1983, Suburbia approved the October 7 agreement and instructed Reed to forward a more formal contract to its attorney, John Spellman.

On October 28, 1983, Spellman informed the plaintiffs' attorney that the contract forwarded to him did not conform to the specifications of the October 7 agreement, and that Suburbia and Doran were ready to perform that agreement and were prepared to commence an action for specific performance and to file a notice of pendency in connection therewith. The plaintiffs, however, proceeded with their plans to refinance the existing mortgage.

On November 3, 1983, Suburbia and Doran filed a notice of pendency along with a copy of the proposed summons and complaint in the action to specifically enforce the October 7 agreement. The summons and complaint were served on FOPC no later than November 14, 1983. FOPC never appeared in response to the summons and complaint, nor did it move for cancellation of the notice of pendency pursuant to CPLR 6514 (b).

On November 28, 1983, Reed and FOPC executed general releases in favor of Suburbia, Doran and Spellman, while those defendants executed a similar general release in favor of FOPC. Immediately thereafter Reed contracted to sell Pebble Cove Properties to a join venture comprised of Suburbia, Doran and the defendant Francis W. Gencorelli. Title to the property passed to the nominee of the joint venture on January 23, 1984.

On or about June 28, 1984, the plaintiffs commenced the instant action, *inter alia,* to set aside the general releases on the ground that they were obtained under circumstances constituting economic duress in that the "wrongful" filing of the notice of pendency caused Manufacturers Hanover Trust Company to withdraw its commitment to refinance the existing mortgage. Suburbia and Spellman separately moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as it was asserted against them for failure to state a cause of action. After Special Term granted these motions, Doran moved for summary judgment. Noting that Doran stood in the same position as Suburbia and Spellman, that cross motion was also granted by Special Term.

Stipulations of settlement which put an end to litigation are favored by the courts and will rarely be set aside in the absence of fraud, collusion, mistake or such other factors as would undo a contract *(see, Heimuller v Amoco Oil Co.,* 92 AD2d 882, 884). However, a general release, like any contract, may be voided on the ground of economic duress where the complaining party was compelled to agree to its terms by means of a wrongful threat which precluded the exercise of its free will *(see, Muller Constr. Co. v New York Tel. Co.,* 40 NY2d 955; *Austin Instrument v Loral Corp.,* 29 NY2d 124, 130).

Here, the plaintiffs contend that the filing of the notice of pendency was a wrongful act which compelled them to execute the releases. In support of this contention, Reed submitted an affidavit claiming that the October 7, 1983, agreement was subject to the later addition of material terms.

Whatever the ultimate validity of the agreement as a binding contract, it certainly reflects Reed's intention to sell the property, and the efforts to obtain specific performance of it can hardly be deemed duress that precluded the exercise of free will. Indeed, the plaintiffs' failure to answer the specific performance complaint amounted to an admission to the allegations in that complaint.

It is apparent, therefore, that the plaintiffs have no cause of

action *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275). "The only reasonable inference that can be drawn from the complaint and the affidavits is that the [plaintiffs are] unable to prevail" *(see, Muller Constr. Co. v New York Tel. Co., supra,* at p 956). Thus the cause of action which sought to set aside the general releases executed by the plaintiffs was properly dismissed.

Since the dismissal of that cause of action bars the maintenance of the plaintiffs' remaining causes of action, we need not consider the merits of those claims. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.