■ Missimo Jaus, Respondent, v Silvana Jaus, Appellant. —In an action to compel specific performance of a marital stipulation, the defendant appeals from so much of (1) an order of the Supreme Court, Westchester County (Delaney, J.), entered June 28, 1989, as granted the plaintiff's motion for summary judgment and (2) a judgment of the same court, dated August 10, 1989, as directed the sale of the marital residence and found the stipulation to be valid.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the order entered June 28, 1989, is vacated insofar as reviewed, the plaintiff's motion is denied and the matter is remitted to the Supreme Court, Westchester County, for a trial in accordance herewith before a different Justice; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The parties were married on February 14, 1974, and have two minor sons. In January 1988 the husband commenced an action for divorce. On February 8, 1988, the parties entered into a marital stipulation (not conducted under court auspices), which provided, among other things, that the marital residence "shall be placed upon the market for sale and sold as quickly as is reasonably possible". The wife, who was granted physical custody of the children, was granted exclusive possession of the home until it was sold.

The parties obtained a judgment of divorce on March 7, 1988. The marital stipulation was not merged in the judgment. In September 1988 the husband commenced this action

to compel specific performance of the provision of the marital stipulation which required that the marital residence be sold. The Supreme Court granted the husband summary judgment. We disagree.

The wife has shown that there are triable issues of fact with respect to her defense that she was under duress when she executed the marital stipulation. Specifically, the wife has shown that she was granted an almost three month medical leave of absence from her teaching job in mid-1987, and that in September 1987 she reported to the police an assault upon her by the husband. Furthermore, the husband has not denied the wife's claim that he threatened to permanently remove the children to Italy if she did not enter into the stipulation. Moreover, while the Supreme Court correctly stated that the fact that the wife did not have her own counsel representing her interests at the time she executed the stipulation is not in and of itself determinative as to the issue of duress, the absence of an attorney is a "significant factor" *(Levine v Levine,* 56 NY2d 42, 48) *to* be considered in determining whether the agreement was freely and fairly entered into *(see, Levine v Levine, supra,* at 48). Under all of these circumstances, we find in searching the record that the wife had demonstrated that there are issues of fact as to whether or not she signed the stipulation of settlement under duress.

Accordingly, the matter is remitted for a trial on the issues raised in the pleadings. We have considered the parties' remaining contentions and find them to be without merit. Brown, Eiber and Harwood, JJ., concur.

Thompson, J. P., concurs in part and dissents in part and votes to dismiss the appeal from the order and to affirm the judgment insofar as appealed from, with the following memorandum, in which Rosenblatt, J., concurs. The wife argues that summary judgment was improperly granted and that there is a triable issue of fact as to whether she executed the marital stipulation under duress. However, we agree with the Supreme Court that the wife has failed to present sufficient evidence to establish a prima facie case of overreaching on the part of the husband.