H.L. & F.H. REALTY CORP., Respondent, v GULF INSURANCE COMPANY et al., Appellants, KREINER COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent, and BRICELAND AGENCY, INC., et al., Respondents. VINCENT MITCHELL et al., Third-Party Defendants-Respondents. [798 NYS2d 107]—

In an action, inter alia, for indemnification for any costs incurred in connection with the environmental remediation of a retail gasoline station located in Goshen, New York, the defendants Gulf Insurance Company and Gulf Underwriters Insurance Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated March 24, 2004, as granted that branch of the cross motion of the defendant Kreiner Company, Inc., and that branch of the cross motion of the defendant Briceland Agency, Inc., and the third-party defendants, Vincent Mitchell and John Teach, doing business as John Teach Agency, and Susan Peterson, which were for summary judgment dismissing the cross claim of the defendants Gulf Insurance Company and Gulf Underwriters Insurance Company against the defendants Kreiner Company, Inc., and Briceland Agency, Inc., in effect, granted that branch of the cross motion of the defendant Kreiner Company, Inc., and that branch of the cross motion of the defendant Briceland Agency, Inc., and the third-party defendants, Vincent Mitchell and John Teach, doing business as John Teach Agency, and Susan Peterson, which were to dismiss their fifteenth affirmative defense, and denied their cross motion for summary judgment determining that they are not obligated to provide insurance coverage for any costs incurred in connection with the environmental remediation of the subject retail gasoline station located in Goshen, New York.

Ordered that the appeal from so much of the order as denied the cross motion of the defendants Gulf Insurance Company and Gulf Underwriters Insurance Company for summary judgment determining that they are not obligated to provide insurance coverage for any costs incurred in connection with the environmental remediation of the subject retail gasoline station located in Goshen, New York, is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiff, the owner of a gasoline station, entered into a lease with the defendant Panco Equipment Corp. (hereinafter Panco), which required Panco to obtain pollution insurance covering both Panco and the plaintiff. Panco applied for an "Environmental Impairment Liability" insurance policy, to be issued by the defendant Gulf Insurance Company (hereinafter Gulf), and Panco's insurance broker made a handwritten notation on the application indicating that the plaintiff should appear on the policy as an additional insured. The plaintiff, however, was not listed as an additional insured on the declarations page of either the original policy or the renewal policy issued the following year. An underground petroleum spill was subsequently detected at the gasoline station, and the plaintiff thereafter notified Gulf of the occurrence. Meanwhile, upon discovering that the plaintiff's name had been omitted from the insurance policy, Panco's insurance broker contacted a Gulf underwriter who, at the broker's request, issued an endorsement retroactively designating the plaintiff an additional insured on the policy. Gulf subsequently disclaimed coverage for the cleanup costs associated with the petroleum spill. The plaintiff commenced this action against Gulf and Gulf Underwriters Insurance Company (hereinafter collectively referred to as the Gulf defendants), and other parties, seeking, inter alia, indemnification from the Gulf defendants for any cleanup costs it incurred.

The Gulf defendants asserted an affirmative defense, as well as a cross claim against the insurance broker's past and present employers, alleging that the broker fraudulently induced Gulf's underwriter to issue the endorsement naming the plaintiff as an additional insured. Contradicting the broker's testimony, the underwriter claimed that the broker requested the endorsement without informing him that a loss had just occurred. The evidence in the record established, inter alia, that the omission of

the plaintiff's name from the insurance policy was a clerical error, the identity of the insured did not affect the risk assumed by Gulf, and, as the underwriter's supervisor conceded, there was no reason for excluding the plaintiff as an insured on the policy. Therefore, under the circumstances of this case, the broker's alleged omission of the fact that a claim was being made against the policy was, as a matter of law, not material and not made with fraudulent intent (*see Giurdanella v Giurdanella*, 226 AD2d 342 [1996]; *Lipschitz v Hotel Charles*, 226 App Div 839 [1929], *affd* 252 NY 518 [1929]). Having failed to raise a triable issue of fact, the Gulf defendants' fifteenth affirmative defense asserting fraud and their cross claim were properly dismissed.

In light of the settlement of the action as between the plaintiff and the Gulf defendants during the pendency of this appeal, the Gulf defendants' contentions with respect to their defenses of late notice, failure to obtain prior approval of the remedial measures, and Policy Exclusions E, J, L, and M, have been rendered academic. Accordingly, we dismiss the appeal from so much of the order as denied the cross motion for summary judgment determining that the Gulf defendants are not obligated to provide insurance coverage for any costs incurred in connection with the environmental remediation of the subject retail gasoline station located in Goshen, New York. Schmidt, J.P., Mastro, Rivera and Skelos, JJ., concur.