■ BERNARD FEUER et al., Respondents, v LEVENT DARKANOT et al., Appellants. [829 NYS2d 164]—

In an action to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Rockland County (Smith, J.), dated September 23, 2005 which denied their motion to vacate a stipulation of settlement of this action, and (2) a judgment of the same court dated October 17, 2005 entered upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law and the facts, the order is vacated, and the motion to vacate the stipulation of settlement is granted; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Stipulations entered into in open court are favored by the courts and are to be set aside only where there is cause sufficient to invalidate a contract such as fraud, duress, collusion, or mistake (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]). A party seeking to vacate a stipulation by asserting

duress must demonstrate that "threats of an unlawful act compelled his or her performance of an act which he or she had the legal right to abstain from performing" (*Polito v Polito*, 121 AD2d 614, 614-615 [1986]). Here, the court's threat to hold the defendant Levent Darkanot in contempt if he did not agree on the record to a settlement to which he had agreed off the record was sufficient to establish the defendants' claim of duress. Accordingly, the defendants were entitled to vacatur of the stipulation of settlement. Spolzino, J.P., Ritter, Lunn and Angiolillo, JJ., concur.