■ DEONARINE RAMNARAIN, Respondent, v CHANDRADAT RAMNARAIN, Appellant, et al., Defendant. [846 NYS2d 668]—

In an action, inter alia, for the partition of real property, the

defendant Chandradat Ramnarain appeals from an order of the Supreme Court, Queens County (Schulman, J.), entered February 7, 2007, which granted the plaintiff's motion pursuant to CPLR 3404 to restore the action to the trial calendar.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

Stipulations of settlement which put an end to litigation are favored by our courts and will not be set aside in the absence of fraud, collusion, mistake, or such other factors as would vitiate a contract (*see Chan v Barry*, 36 AD3d 579 [2007]; *Fourth Ocean Putnam Corp. v Suburbia Fed. Sav. & Loan Assn.*, 124 AD2d 550 [1986]; *Heimuller v Amoco Oil Co.*, 92 AD2d 882 [1983]). In general, the settlement of an action renders pending appeals academic (*see Matter of Garrick v Tomlins*, 24 AD3d 763 [2005]; *H.L. & F.H. Realty Corp. v Gulf Ins. Co.*, 19 AD3d 646 [2005]; *Hospital for Joint Diseases v ELRAC, Inc.*, 11 AD3d 432 [2004]; *cf. Matter of Shah [Helen Hayes Hosp.]*, 95 NY2d 148 [2000]). Here, the plaintiff settled this action in May 2005 without the reservation of any rights he might obtain pursuant to an appeal then pending before this Court. Consequently, the settlement, in effect, rendered the plaintiff's prior appeal academic. Since the plaintiff did not otherwise demonstrate fraud, collusion, or mistake, or such other factors as would vitiate a contract, his motion to restore this action to the trial calendar should have been denied. Miller, J.P., Ritter, Skelos and Covello, JJ., concur.