■ Isa Adler Dubi, Administratrix of the Goods, Chattels, and Credits of Charles Adler, Appellant, v Skiros Corp. et al., Respondents. [886 NYS2d 833]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated January 30, 2008, as denied her motion to vacate the stipulation of settlement.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

"Stipulations entered into in open court are favored by the courts and are to be set aside only where there is cause sufficient to invalidate a contract such as fraud, duress, collusion, or mistake" (*Feuer v Darkanot,* 36 AD3d 753, 753 [2007]; *see Ramnarain v Ramnarain,* 46 AD3d 655 [2007]; *Hallock v State of New York,* 64 NY2d 224, 230 [1984]; *Chernow v Chernow,* 51 AD3d 705, 706 [2008]; *Feuer v Darkanot,* 36 AD3d 753, 753-754 [2007]; *Desantis v Ariens Co.,* 17 AD3d 311 [2005]). In order to vacate a stipulation on the ground of duress, a party "must demonstrate that 'threats of an unlawful act compelled his or her performance of an act which he or she had the legal right to abstain from performing' " (*Feuer v Darkanot,* 36 AD3d at 754, quoting *Polito v Polito,* 121 AD2d 614, 614-615 [1986]). "Generalized contentions that a party felt pressured by the court are insufficient" (*Desantis v Ariens Co.,* 17 AD3d at 311; *see Matter of Blackstock v Price,* 51 AD3d 914 [2008]; *Ross v Clyde Beatty-Cole Bros. Circus,* 26 AD3d 321, 322 [2006]; *Shuler v Dupree,* 14 AD3d 548, 549 [2005]; *Cavalli v Cavalli,* 226 AD2d 666, 667 [1996]). In the present case, the record fails to support the plaintiff's contention that the stipulation of settlement was the product of duress.

The plaintiff's remaining contentions are without merit. Dillon, J.P., Florio, Belen and Roman, JJ., concur.