■ WIL CAN (USA) GROUP, INC., Doing Business as S.C. NORTH AMERICA, Respondent, v SHEN ZHANG, Also Known as JOHNSON ZHANG, et al., Appellants. [900 NYS2d 916]—In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated June 30, 2008, as denied their motion for the dissolution of the plaintiff, and granted that branch of the plaintiff's cross

motion which was for leave to enter judgment against them on the issue of liability upon their default in answering the complaint.

Ordered that the appeal is dismissed as academic, with costs.

While the defendants' appeal from the order dated June 30, 2008, was pending, the defendants entered into an agreement settling this action without reserving any rights they might obtain if their appeal was successful. Consequently, the settlement, and this Court's affirmance of the order enforcing the settlement agreement (see Wil Can [USA] Group, Inc. v Shen Zhang, 73 AD3d 1166 [2010] [decided herewith]) have rendered this appeal academic (see Motovich v 1195 Coney Is. Ave. Corp., 46 AD3d 777 [2007]; Ramnarain v Ramnarain, 46 AD3d 655, 656 [2007]; Matter of Garrick v Tomlins, 24 AD3d 763, 764 [2005]; H.L. & F.H. Realty Corp. v Gulf Ins. Co., 19 AD3d 646, 648 [2005]; Hospital for Joint Diseases v ELRAC, Inc., 11 AD3d 432, 434 [2004]). Fisher, J.P., Dickerson, Eng and Belen, JJ., concur.