■ Vito Agosta et al., Appellants, v Fast Systems Corporation, Respondent. [26 NYS3d 534]—

In an action, inter alia, for declaratory and injunctive relief, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated February 3, 2015, as denied those branches of their motion which were for summary judgment on the second, third, sixth, and seventh causes of action and for summary judgment dismissing the counterclaims for injunctive relief and to recover damages for breach of contract and breach of fiduciary duty.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action concerns an alleged agreement between the parties. In their second cause of action, the plaintiffs alleged that the agreement was void because there was no meeting of the minds between the parties. In their third cause of action, the plaintiffs alleged that the agreement was void as a result of the statute of frauds because it was not in writing and, by its terms, could not be performed within one year (see General Obligations Law § 5-701 [a] [1]).

"To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms. . . . Generally, courts look to the basic elements of the offer and the acceptance to determine whether there is an objective meeting of the minds sufficient to give rise to a binding and enforceable contract" (*Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [1999]). " 'In determining whether the parties entered into a contractual agreement and what were its terms, it is necessary to look . . . to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds' " (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 368 [2005], quoting *Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 399 [1977]). While it is the responsibility of the court to interpret written instruments, where a finding of whether an intent to contract is dependent as well on other evidence from which differing inferences may be drawn, a question of fact arises (see *Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d at 368-369; *Brown Bros.*

*Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d at 400). Here, the evidence submitted by the plaintiffs failed to eliminate triable issues of fact regarding whether there was a meeting of the minds sufficient to give rise to a binding and enforceable contract. Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the second cause of action.

The Supreme Court also properly denied that branch of the plaintiffs' motion which was for summary judgment on the third cause of action, which alleged that the agreement was void as a result of the statute of frauds. To satisfy the statute of frauds, an agreement "need not be contained in one single document, but rather may be furnished by piecing together other, related writings" (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 477 [2013] [internal quotation marks omitted]). Further, all of the terms of the contract "must be set out in the various writings presented to the court, and at least one writing, the one establishing a contractual relationship between the parties, must bear the signature of the party to be charged" (*Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48, 55-56 [1953]). "An e-mail sent by a party, under which the sending party's name is typed, can constitute a [signed] writing for [the] purposes of the statute of frauds" (*Newmark & Co. Real Estate Inc. v 2615 E. 17 St. Realty LLC*, 80 AD3d 476, 477 [2011]; *see* General Obligations Law § 5-701 [b] [4]; *Trueforge Global Mach. Corp. v Viraj Group*, 84 AD3d 938, 939 [2011]). Here, the terms of the alleged agreement were set forth in various writings, including an email and an assignment signed by the plaintiff Vito Agosta. Accordingly, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the third cause of action.

To the extent that the plaintiffs also seek reversal of so much of the order as denied those branches of their motion which were for summary judgment on the sixth and seventh causes of action, they raise no issues in their brief to warrant that relief.

The plaintiffs' remaining contentions are without merit. Dickerson, J.P., Hall, Roman and Sgroi, JJ., concur. ■