Gandham v Gandham (2019 NY Slip Op 02069)





Gandham v Gandham


2019 NY Slip Op 02069


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-03153 
2017-03155
 (Index No. 7654/16)

[*1]Natraj Gandham, plaintiff-respondent,
v
Rama Gandham, appellant; Tanjila Ahmed, nonparty-respondent.


Radhika Nagubandi, New City, NY, for appellant.
Annette Rodriguez-Soriano, P.C., Astoria, NY, for plaintiff-respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Queens County (Margaret Parisi McGowan, J.), dated February 17, 2017, and (2) an order of the same court dated March 3, 2017. The order dated February 17, 2017, granted the motion of nonparty Tanjila Ahmed to quash certain subpoenas issued by the defendant. The order dated March 3, 2017, insofar as appealed from, granted the plaintiff's motion, in effect, for summary judgment dismissing the defendant's counterclaim to enforce a stipulation of settlement dated June 1, 2016.
ORDERED that the order dated February 17, 2017, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated March 3, 2017, is reversed insofar as appealed from, on the facts, without costs or disbursements, and the plaintiff's motion, in effect, for summary judgment dismissing the defendant's counterclaim to enforce a stipulation of settlement dated June 1, 2016, is denied.
In 2014, the plaintiff commenced an action for a divorce and ancillary relief in Suffolk County (hereinafter the first action). On June 1, 2016, the parties entered into a stipulation of settlement (hereinafter the stipulation), pursuant to which the plaintiff agreed to discontinue the first action. By stipulation of discontinuance dated June 2, 2016, the first action was discontinued.
On June 29, 2016, the plaintiff commenced an action for a divorce and ancillary relief in Queens County (hereinafter the second action). The defendant answered the complaint and asserted a counterclaim to enforce the stipulation. Thereafter, the plaintiff moved, in effect, for summary judgment dismissing the defendant's counterclaim on the ground that the stipulation was, inter alia, the product of duress and was unconscionable. The plaintiff alleged that the stipulation, which was not so-ordered by the Supreme Court, Suffolk County, transferred virtually all of the marital assets to the defendant and all of the marital debts to the plaintiff. The stipulation recited that the transfers were "to compensate the [defendant] for all the marital assets wasted by the [plaintiff]," [*2]including payments to women with whom the plaintiff allegedly had adulterous relationships and whom he held out publicly as his wives.
In December 2016, the defendant served subpoenas duces tecum and a subpoena seeking testimony on nonparty Tanjila Ahmed (hereinafter the nonparty), one of the women with whom the defendant alleged the plaintiff had an adulterous relationship. The nonparty moved pursuant to CPLR 2304 to quash those subpoenas. In an order dated February 17, 2017, the Supreme Court granted the nonparty's motion on the grounds that the subpoenas did not comply with CPLR 3101(a)(4) because they did not state the circumstances or reasons the evidence was needed, and that the nonparty demonstrated that the evidence sought was "utterly irrelevant" to the action. In an order dated March 3, 2017, the Supreme Court, inter alia, granted the plaintiff's motion, in effect, for summary judgment dismissing the defendant's counterclaim to enforce the stipulation. The defendant appeals from both orders.
Pursuant to CPLR 3101(a)(4), a party may obtain discovery from a nonparty where the matter sought is material and necessary to the prosecution or defense of an action (see Matter of Kapon v Koch, 23 NY3d 32, 36; Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 611, 612). A party seeking discovery from a nonparty must apprise the nonparty of the circumstances or reasons requiring disclosure (see CPLR 3101[a][4]; Matter of Kapon v Koch, 23 NY3d at 39; DiBuono v Abbey, LLC, 163 AD3d 524, 525; Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d at 612). Here, we disagree with the Supreme Court's determination that the testimony sought from the nonparty was utterly irrelevant. However, we agree with the court's determination that the subpoenas were defective since, among other things, the defendant failed to provide the nonparty with the required explanation of the circumstances or reasons requiring disclosure either on the face of the subpoenas or in any accompanying material (see CPLR 3101[a][4]; Needleman v Tornheim, 88 AD3d 773, 774). Accordingly, we agree with the court's granting of the nonparty's motion to quash the subpoenas.
However, the Supreme Court should not have granted the plaintiff's motion, in effect, for summary judgment dismissing the defendant's counterclaim. We note that, contrary to the plaintiff's contention, the defendant did not consent to summary determination of her counterclaim by her attorney's request at oral argument that the court decide the plaintiff's motion by "written decision based on the papers."
"A separation agreement or stipulation of settlement which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscion-ability" (Hughes v Hughes, 131 AD3d 1207, 1208 [internal quotation marks omitted]; see Perry v McMahan, 164 AD3d 1490, 1491; Glover v Glover, 137 AD3d 745, 746). "An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense" (Morad v Morad, 27 AD3d 626, 627). "An agreement . . . is not unconscionable merely because, in retrospect, some of its provisions were improvident or one-sided'" (Ku v Huey Min Lee, 151 AD3d 1040, 1041, quoting O'Lear v O'Lear, 235 AD2d 466, 466). Assuming the facts alleged in the stipulation regarding the plaintiff's wasteful conduct are proven, the stipulation is not unconscionable on its face, and the plaintiff failed to establish, prima facie, his entitlement to judgment as a matter of law dismissing the counterclaim on the basis that the stipulation is unconscionable (see Label v Label, 70 AD3d 898, 900; Golfinopoulos v Golfinopoulos, 144 AD2d 537, 538).
To demonstrate duress, the party seeking to void the stipulation must demonstrate that "threats of an unlawful act compelled his or her performance of an act which he or she had the legal right to abstain from performing" and that the threat was "such as to deprive the party of the exercise of free will" (Polito v Polito, 121 AD2d 614, 614-615; see Dubi v Skiros Corp., 66 AD3d 954; Feuer v Darkanot, 36 AD3d 753, 754). "The burden of proof is on the party seeking to invalidate the agreement" (Weinstein v Weinstein, 36 AD3d 797, 798; see Cervera v Bressler, 126 AD3d 924, 925; Sweeney v Sweeney, 71 AD3d 989, 992). Here, the plaintiff met his prima facie burden for judgment [*3]as a matter of law dismissing the defendant's counterclaim based upon the defense of duress, by proffering evidence demonstrating that the defendant coerced him to sign the stipulation by making credible threats that she would commit suicide if he refused to sign the stipulation. However, in opposition, the defendant raised a triable issue of fact as to whether the plaintiff executed the stipulation under duress. "The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (Kolivas v Kirchoff, 14 AD3d 493, 493).
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court