1912 Newbridge Rd., LLC v Liantonio (2019 NY Slip Op 03747)





1912 Newbridge Rd., LLC v Liantonio


2019 NY Slip Op 03747


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-12994
 (Index No. 1682/15)

[*1]1912 Newbridge Road, LLC, appellant,
v
Ignazio Liantonio, et al., respondents.


Carlinsky, Dunn & Pasquariello, PLLC, Hicksville, NY (Mitchell J. Carlinsky of counsel), for appellant.
Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered October 19, 2016. The order, insofar as appealed from, granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' cross motion which was for summary judgment dismissing the complaint is denied.
The plaintiff sought to purchase certain property owned by the defendants, which included a vehicle towing business, repair shop, and gas station. The plaintiff deposited $35,000 with the defendants toward the purchase of the property. The plaintiff subsequently deposited another $35,000 with the defendants, along with a signed contract of sale, to which the plaintiff had attached a second rider regarding the transfer of the business. The defendants returned the signed contract, having made additional modifications to the second rider. Schedule C of the contract, signed by all parties, specifically provided that the total purchase price for the property was $335,000. Section 2.01 of that contract also provided that the purchase price was $335,000.
Subsequently, the plaintiff made several requests for the return of its deposit and cancellation of the contract, citing unresolved issues regarding renovations to the property and the transfer of the business. The defendants refused.
The plaintiff then demanded that the closing take place on a date certain. The defendants indicated that they could not close and returned $35,000 to the plaintiff. The plaintiff rejected the return of the $35,000, and commenced this action, inter alia, for specific performance. After the action was commenced, the defendants informed the plaintiff that they could close on the requested date with a purchase price of $635,000. The plaintiff then moved for summary judgment on the complaint, and the defendants cross-moved, inter alia, for summary judgment dismissing the complaint, contending that there was no meeting of the minds. In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendants' cross motion which was for [*2]summary judgment dismissing the complaint. The plaintiff appeals from so much of the order as granted that branch of the defendants' cross motion.
 "To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms. . . . Generally, courts look to the basic elements of the offer and the acceptance to determine whether there is an objective meeting of the minds sufficient to give rise to a binding and enforceable contract'" (Agosta v Fast Sys. Corp., 136 AD3d 694, 694-695, quoting Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589). " In determining whether the parties entered into a contractual agreement and what were its terms, it is necessary to look . . . to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds'" (Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 368, quoting Brown Bros. Elec. Contr. v Beam Constr. Corp., 41 NY2d 397, 399). "While it is the responsibility of the court to interpret written instruments, where a finding of whether an intent to contract is dependent as well on other evidence from which differing inferences may be drawn, a question of fact arises" (Agosta v Fast Sys. Corp., 136 AD3d at 695; see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d at 368-369; Brown Bros. Elec. Contr. v Beam Constr. Corp., 41 NY2d at 400).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law with regard to their contention that there was no meeting of the minds as to the purchase price. Accordingly, the Supreme Court should have denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court