Ascentium Capital, LLC v Automotive Fleet Leasing Co. (2019 NY Slip Op 06733)





Ascentium Capital, LLC v Automotive Fleet Leasing Co.


2019 NY Slip Op 06733


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-05519
 (Index No. 603638/17)

[*1]Ascentium Capital, LLC, respondent, 
v
Automotive Fleet Leasing Co., appellant, Thomas Pieroni, et al., defendant.


La Reddola, Lester & Associates, LLP, Garden City, NY (Steven M. Lester of counsel), for appellant.
Chiesa Shahinian & Giantomasi, P.C., New York, NY (Ryan O'Connor, Frank Peretore, and Othiamba N. Lovelace of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Automotive Fleet Leasing Co. appeals from a judgment of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered April 11, 2018. The judgment, upon an order of the same court dated March 7, 2018, granting the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Automotive Fleet Leasing Co., is in favor of the plaintiff and against that defendant in the principal sum of $29,967.70.
ORDERED that the judgment is affirmed, with costs.
The plaintiff alleges that in or about February 2016, vendors MBO America, EMT International, and Pitney Bowes approved the plaintiff to finance a transaction for customer E1 Digital Direct. The plaintiff referred the financing transaction to the defendant Automotive Fleet Leasing Co. (hereinafter Automotive), which accepted the referral. According to the plaintiff, Automotive agreed to pay the plaintiff 50% of any fees and commissions collected as a result of the referral. Automotive disputes that any agreement was made regarding the payment of a referral fee. Automotive procured the financing and the transaction closed on April 27, 2016. Automotive was allegedly wired brokerage fees, totaling $61,934.90. The plaintiff sent an invoice to the defendant Thomas Pieroni, the principal of Automotive, for payment of a referral fee equating to 50% of the fees, i.e., $30,967.45. Pieroni sent an email on July 27, 2016, to Tom Ainsworth, the plaintiff's principal, which stated that, upon receipt and installation of equipment from MBO America, the brokerages fees and commissions would be split 50/50 as agreed.
When payment was not forthcoming, the plaintiff commenced the instant action. The plaintiff moved for summary judgment on the complaint insofar as asserted against Automotive, relying upon Pieroni's July 27, 2016, email. Automotive opposed the motion, arguing that the July 27, 2016, email agreeing to the 50/50 split of the fees and commission was sent under duress after a heated exchange between Pieroni and Ainsworth outside of Pieroni's home where Ainsworth, who was younger and physically larger than Pieroni, unexpectedly appeared one morning. The Supreme Court granted the motion, finding that the July 27, 2016, email from Pieroni, although not the actual contract, was evidence of the contract and that Pieroni failed to demonstrate that he was under duress [*2]when he sent the email. The defendant appeals.
The plaintiff demonstrated its prima facie entitlement to summary judgment on the complaint by submitting an affidavit of Ainsworth and a copy of the July 27, 2016, email subscribed by Pieroni, which set forth all of the essential terms of the agreement (see Agosta v Fast Sys. Corp., 136 AD3d 694; Newmark & Co. Real Estate Inc. v 2615 E. 17 St. Realty LLC, 80 AD3d 476).
In opposition, Automotive failed to raise a triable issue of fact. To demonstrate duress, the aggrieved party must demonstrate that "threats of an unlawful act compelled his or her performance of an act which he or she had the legal right to abstain from performing" and that the threat was "such as to deprive the party of the exercise of free will" (Polito v Polito, 121 AD2d 614, 614-615; see Dubi v Skiros Corp., 66 AD3d 954). "The burden of proof is on the party seeking to invalidate the agreement" (Weinstein v Weinstein, 36 AD3d 797, 798). Here, Pieroni, in his affidavit, averred that he and Ainsworth had a "heated discussion," but Pieroni did not aver that Ainsworth ever threatened him with physical harm or physically assaulted him (cf. Jaus v Jaus, 168 AD2d 487; Polito v Polito, 121 AD2d at 615). Instead, Pieroni stated that he volunteered to send Ainsworth the July 27, 2016, email in order to mollify him. Furthermore, although Pieroni asserted that no referral payment was agreed to, when Ainsworth demanded payment, Pieroni did not dispute that an agreement existed, but merely responded that the equipment had to be installed and working properly before payment would be made.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the complaint insofar as asserted against Automotive.
Automotive's remaining contention is without merit.
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court